Tilghman C. J.
after stating the facts, delivered the following opinion : The plaintiff did not prove any debt under the commission, and the objection to his recovery in this suit is, that the debt was discharged, under the commission. Every debt which was due, or owing, at the time the defendant became bankrupt, or which might have been proved under the commission, was discharged; but it is contended, by the plaintiff, that the debt on which this suit is brought, was not then due, nor could it be proved under the commission, that the promise'was contingent, and if the defendant had never been able to pay, no action could have arisen. This principle is supported by the case of Besford v. Saunders, 2 H. Black. 116, where it was held, that in an action on a promise of this kind, the plaintiff must prove the defendant’s ability. But the defendant insists, that the plaintiff kept the note for 1000 dollars in his possession, and might have proved it under the commission, and therefore the contingent promise was of no validity. If it were necessary, the facts in this case would warrant the conclusion, that the plaintiff had agreed not to prove under the commission, and then I see nothing in the way of his recovery. Such an agreement would have been for the advantage of the other creditors, and the defendant himself could have nothing to say against it, because it only obliged him to do, what he was under a moral obligation to do, without it. I take for granted, that there was no collusion between the plaintiff and defendant, to the prejudice of the other creditors. If a creditor, knowing that the bankrupt had been guilty of an act, which would debar him of the benefit of a certificate, should agree to keep it secret, in order that the bankrupt might ob *214 tain his discharge, any promise founded on that consideration would be void, because the agreement is fraudulent, and prejudicial to the other creditors. But where every thing is fair, and the creditors agree to take no dividend under the commission ; in consideration whereof the bankrupt makes a new promise to pay the debt, such promise is binding. This was decided in Trueman v. Fenton, (Cowp. 544.) The only answer attempted to be given to that case, is, that the promise was made after the act of bankruptcy committed. But that is not material, because the promise in the present case, although made before the bankruptcy, gave no cause of action till after. It was once doubted, whether a new promise by a bankrupt, after obtaining his certificate, was binding; but it has been long settled that it is binding, because the moral obligation to pay continues^ notwithstanding the discharge, and that obligation is a sufficient consideration for a new promise. I have said, that the facts in this case, would warrant the conclusion, that the plaintiff had agreed not to prove his debt, under the commission. But to put the matter in the strongest point of view for the defendant, let us suppose that the plaintiff had not so agreed. The defendant’s letter may be fairly construed as follows : I am sorry for the inconvenience I have thrown upon you, by procuring your indorsement of my note on the eve of bankruptcy. I am about to become a bankrupt. Take up the note, and I promise, that, as soon as I am able, I will indemnify you, by paying the balance which shall be due, after you have received your dividend from my estate, or the whole, in case you do not prove the debt under the cómmission. I ask, what objection there is to the validity of such promise ? Is not the moral obligation as strong before the act of bankruptcy as after, or does the new promise go beyond the bounds of the moral obligation ? and if not, how can it be said, that a good consideration is wanting? It is objected, that such a promise would be a fraud on the bankrupt law, which intended, that the bankrupt should be discharged from all his debts. But I cannot perceive the fraud. The bankrupt law intended to discharge the debtor from all his debts if he chose it; but not force a discharge upon him. If the discharge was to be absolute and against the bankrupt’s .will, a new promise made after the bankruptcy would be void. It is objected also, that it would be dangerous to establish such promises, because *215 unfortunate persons might be induced to make them in order to avoid opposition to their discharge. Every case must depend on its own circumstances. How far a promise would be good, made in consideration of not opposing a bankrupt’s discharge, extorted from him under hard circumstances, it is unnecessary to determine, because it is not pretended, that the plaintiff took any advantage of the defendant’s necessities, or exacted, or even asked any promise. The promise, such as it was, proceeded altogether from the defendant, and seems to have flowed from his own sense of justice. A new promise by a bankrupt, in consideration of his creditors signing his certificate, is made void in England by act of parliament (5 Geo. II. c. 30. sect. 11.) but Lord Mansfield, in the case of Trueman v. Fenton, (Cowp. 550.) supposes, that before that act, such a promise was good, and lays great stress on it, in support of his opinion in that case. Upon the whole then it appears, that the promise on which this action is founded, was not absolute, but conditional; that the condition has been performed by the defendant’s acquisition of property sufficient to pay the debt; that the promise is supported by a good consideration; and that the debt arising from it could not be proved under the defendant’s commission. I am therefore of opinion, that the plaintiff is entitled to recover.
Yeates J.
Of the honesty and equity of the plaintiff’s demand there can be no doubt. The plaintiff indorsed a note for the defendant, three months before his bankruptcy, merely for his accommodation, and has paid it upon its being discounted at the late Bank of the United States, and protested afterwards. The defendant, within six weeks before it became due, writes to him, that it would not be in his power to take up the note, but assures him, that the moment he was able to relieve him, he would so do. The ability of the defendant to pay the money advanced for him, was admitted on the trial. The sole question is, whether the certificate of bankruptcy granted; to the defendant shall bar the plaintiff’s claim.
I was at first struck with the circumstance, that the plaintiff’s having paid the note at bank after it became due, and before the defendant had applied to commissioners for the *216 benefit of the bankrupt act,.the debt became absolute, and he ’ might then have instituted a suit for the recovery of the money, or proved it afterwards under.the commission. But the case of Cotterel v. Hooke, 1 Doug. 97. satisfied me on this point. Where there was a bond, and also a deed of covenant to secure an annuity, although the bond was forfeited before a discharge under the insolvent act of 16 Geo. III. c. 38. the party might be sued on the covenant for payments becoming due after the discharge. The words of that statute much resemble the 34th section of the bankrupt law of congress of the 4th April, 1800. Lord Mansfield said, he took the case of a bankrupt and insolvent debtor, (as to this point) to be the same. When a man has two remedies he may elect. If the plaintiff had made use of the penalty, the case would have been different, but as he had not, he might proceed as often as he pleased for breaches of the covenant. We may here presume the plaintiff acquiesced in the assurances given to him, that the money should be repaid to him in case of the defendant’s future ability to do so. He threw no obstacles in his way to prevent his obtaining the benefit of the bankrupt law, and I can see no reason why a promise founded on a good moral consideration, made prior to a discharge under the bankrupt law, subject to a contingency, should not be equally obligatory as a promise made subsequent to such discharge. The cases cited on the argument fully shew, that a promise to pay when able, is a contingent debt, and not absolute until the happening of the event. The ability must be ascertained by proper proof upon the trial. It has been objected, that a promise made by one who contemplates a bankruptcy, in favour of one creditor, is injurious to the interests of the general creditors, — opposed to the policy of the-laws, and therefore void. But here the promise not only did not operate disadvantageously to the other creditors, but was beneficial to them. The plaintiff’s not proving his debt under the commission, necessarily had the effect of increasing the dividends of those who did claim. So far from undue and oppressive terms being- exacted by the plaintiff in the distressed situation of the defendant, it appears to have been- the spontaneous and unsolicited act of the latter, when he wrote the letter on which this suit is founded. No case has been shewn, that a promise made to pay a debt binding in mo *217 rality and good conscience on the party making it, when at a future day, he shall be of sufficient ability to pay it, has been adjudged illegal, and therefore I am of opinion, that judgment should be entered on the verdict for the plaintiff.
Brackenridge J. concurred.
Judgment for the plaintiff.