ASSUMPSIT.                    **Mason &c. vs Hughart.**

*Case* 110.                ERROR TO THE BOURBON CIRCUIT.

                        *Bankruptcy.    Assumpsit.*

July 6.        JUDGE GRAHAM delivered the opinion of the Court.

Case stated.   THE appellants, partners in trade, held a note on the
appellee for $218 18 cents.   The appellee became in-
solvent, and by proper proceedings, upon his petition
filed in the United States District Court for this State,
was duly declared a bankrupt, and on the 19th Octo-
ber, 1842, obtained a certificate discharging him from
all debts, contracts and other engagements.   In Au-
gust, . 1848, this . action of assumpsit was instituted
against him by the plaintiffs, in which they aver, that
after his discharge, he promised and undertook to pay
the debt, "when he should be able so to do."   They
aver that he is able to pay the debt, but has failed.
The trial was had upon the general. issue, with leave
to give in evidence any matter which could be specially
pleaded.

The plaintiffs proved that the defendant promised
one of them to pay him the debt he owed him, when he
should be able, and said the debt was just.   No partic-
ular debt was specified.   It was not shown. that the de-
fendant owed the plaintiff to whom he made the prom-
ise any other debt than the one due to the firm.   The
evidence left it uncertain to what debt allusion was
made.   The jury, however, would perhaps have been
authorized to apply the promise to the debt now consti-
tuting the subject matter of this action.   It was agreed
by the parties, "that the plaintiffs proved their note
spoken of in the declaration before the Commissioner,
according to the bankrupt law, and received from his,
said Hughart's, bankrupt estate, two dividends, amount-
ing to $37 87, and the said *petition is yet undisposed
of in said bankrupt estate.*"   Several witnesses also

proved that the defendant had some property, and, in their opinion, enough to pay the debt.

Upon this evidence, the Court refused to instruct the jury, as in case of a non-suit, but directed them to find for the defendant. Why the Court refused the one and gave the other instruction, we are not advised.

Nor does the record inform us upon what grounds the latter instruction was given. Perhaps it was, as suggested by the counsel, "that the fact of the plaintiffs proving their debt under the bankrupt commission, and receiving a dividend, precludes them from maintaining an action on the new promise." That position is now taken by the appellee's counsel, and to support it, the 5th section of the act of Congress, to establish a uniform system of bankruptcy, &c. passed in 1841, is relied on. That section provides, among other things, that "no creditor, or other person, coming in and proving his debt, or other claim, shall be allowed to maintain any suit at law or in equity therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt." Promises made by a bankrupt to pay a debt from which he had been discharged by a certificate in bankruptcy, have so frequently been enforced, and the debtor compelled to pay, notwithstanding his release, that we deem it unnecessary to quote authorities. It may be, however, that in none of the cases referred to, had the plaintiffs "come in and proved their debt." Why the creditor, who failed to prove his debt, should be permitted to recover on a subsequent promise, and he who had proved his should be refused the recovery, we are at a loss to understand. It surely was not designed to punish the creditor who thus claimed and proved, and to reward the one who negligently lay by, and failed to establish his demand. We suppose the section cited ought not to receive such a construction. We think it was only intended to prevent at law or equity, any action or suit upon the original contract, or evidence of contract, and was not to embrace a new promise or contract based upon the moral and good consideration of a pre-existing and just debt.

MASON, &c.
*vs*
HUGHART.

A promise by a bankrupt who has been regularly discharged, to pay a debt to one of his old creditors, embraced by the bankruptcy and which is proved before the commissioners, "to pay when he is able," cannot be sued for until all the assets of the bankrupt have been distributed, and then the proof should be clear, of his ability to pay any balance not paid through the bankruptcy.

It has also been relied upon in argument, that the promise "to pay when able," cannot be enforced. It is a promise dependant upon a very uncertain contingency, which may never occur; yet it is one which has been enforced. In the case of *Kingston* vs *Wharton*, (2 *Serg. & Rawle*, 208,) the promise was precisely of this character, and there was judgment for plaintiff. The ability to pay is the essence of the promise, and the plaintiff should aver and prove the fact. The ability to pay ought to be clearly proven. The mere opinion of witnesses, that a party had means sufficient wherewith to discharge the debt, ought not to be regarded as sufficient evidence. The jury should be fully satisfied by *facts* proved to exist, that the debtor has *property* and *means*, which enable him to pay. They ought not to be satisfied to make experiments on doubtful proof, and by rendering a verdict for plaintiff, again reduce a struggling debtor to hopeless insolvency, leaving the judgment unsatisfied.

There is one fact, however admitted by the parties in their agreement, which should have defeated the plaintiffs' action. "They had come in and proven their debts," and had received a portion of their demand. The proceedings in bankruptcy were not fully closed. Other sums for distribution may be, and from the agreement, it may be inferred, were yet to be distributed. The promise of the defendant must be understood as meaning only to pay so much as should remain unpaid, after exhausting all his assetts, and after the assignee had fully reported. This had not been done, or at any rate, if done, was not proved. They should have waited until the proceedings in bankruptcy were fully closed, and all the bankrupt's estate fully apportioned among his creditors. Until that had taken place, their cause of action had not accrued. They probably may yet have a right to sue when that event happens.

This view of the case brings us to the conclusion that the Circuit Judge did not err in his instructions to the jury.

The judgment of the Court below is, therefore, affirmed.

*Rand* for plaintiff; *Davis* for defendant.