WESTERN DISTRICT, PITTSBURGH, 1858.

## Tate *versus* Tate

1. On the trial of an appeal, the defendant is not restricted to the set-off relied on before the justice of the peace.

ERROR to the Court of Common Pleas of *Erie county.*

This was an action of *assumpsit*, brought by defendant in error, before a justice of the peace. After hearing, judgment for the plaintiff below for $10,00 and costs. There had been mutual dealings between the parties for many years; each had accounts against the other; some on both sides were legal book accounts, and some were not. It appeared that on the trial before the justice, each party exhibited claims against the other. When the case was on trial in the Common Pleas, after the plaintiff had gone through with his evidence, the defendant, to sustain the issue on his part, offered to prove the sawing of 25,000 feet of lumber, done for the plaintiff, also the sale and delivery of one beef cow and fat hog, amounting in all, to some $65 or $70. The plaintiff's counsel objected to the proof of said items, because they were not exhibited and claimed before the justice. The court below sustained the objection and ruled out the evidence, and, at request of defendant's counsel, sealed a bill of exceptions; and this is the error here complained of.

*Marshall* and *De Camp*, for plaintiff in error.—We claim that the appeal vacates all the proceedings before the justice; and the proceedings in court are *de novo* as to the declaration, pleadings and *evidence*. The *cause* of action must continue the same. *Owen* v. *Shelhamer*, 3 Bin. 45; *Caldwell* v. *Thompson*, 1 Rawle, 370; *Lyon* v. *Chalker*, 2 Watts, 14.

There is no statutory provision which restricts the defendant on the trial in court, upon an appeal from the judgment of a justice of the peace, to the account exhibited and claimed before the justice. But the 4th section of the Act of the 20th of March, 1810, fully recognizes the right in the defendant to introduce new evidence in court, on the trial of an appeal from

[Pittsburgh and Steubenville R. R. Co.'s Appeal.]

the judgment of a justice of the peace. *Boone* v. *Boone*, 17 S. & R. 386 ; *Millar* v. *Creswell*, 3 Barr, 449.

*Lane*, for defendant in error.—The appeal does not vacate the proceedings before the justice, the action does not cease, it is only removed to another jurisdiction, and the *cause* of action *must* remain the same. Set-off is in the nature of an action by the defendant. *Lewis* v. *Culbertson*, 11 S. & R. 50. It is a cross demand, and in the nature of a cross action. *Muirhead* v. *Kirkpatrick*, 5 W. & S. 506. On an appeal from a justice, the proceedings in court are *de novo*, except the *cause* of action, which *must continue the same* as before the justice. *Owen* v. *Shelhamer*, 3 Bin. 45 ; *Lewis* v. *Vanlear*, 11 S. & R. 48 ; *Gogel* v. *Jacoby*, 5 Id. 117 ; *Heering* v. *Adams*, 5 W. & S. 459 ; *Holden* v. *Wiggins*, 3 Pa. R. 469.

Opinion.

PER CURIAM.—The court was in error in rejecting the defendant's set-off. He is not restricted on appeal to the set-off relied on before the justice, else he would be barred of a claim never litigated, by a record in which there is no judgment. He is not barred, because of not including these set-offs in his bill or specification before the justice ; for here the trial is *de novo*, and to exclude it here for want of specification, is to bar it entirely, whereas, in ordinary cases he would merely be put to his separate action. Excluding set-offs for want of specification, is not at all like the bar of the right that follows from not presenting them in the small suits before justices of the peace. This is the only error insisted on.

Judgment reversed and a new trial awarded.