JUDGE LINDSAY
delivered the opinion oe the court. .
Eckler held and owned an unsatisfied judgment against Galbraith & Lail. Galbraith was and is insolvent, and Lail had been discharged from the payment of the debt by a judgment in bankruptcy rendered by the District Court of the United States for the district of Kentucky.
In his original petition Eckler states all these facts, and then alleges that in October, 1869, Lail promised and agreed with him that, notwithstanding his discharge in bankruptcy, he would pay to him the sum of money evidenced by the said judgment against Galbraith and himself.
By an amendment to his petition Eckler stated facts showing, that the promise declared on was not an unconditional promise, but a promise to pay the judgment “as soon as he (Lail) was able.”
By a second amendment, filed June 27,1874, Eckler averred that Lail was then able to make the promised payment.
The promise and all the material allegations of the petition and the amendments were denied by Lail.
A trial in the court below resulted in a judgment dismissing Eckler’s petition, and he prosecutes this appeal.
It was necessary, to enable appellant to recover, that he should prove not only the making of the promise, but the existence of the condition upon which it was to become enforceable. The ability of Lail to pay is the essence of the undertaking, and it must be satisfactorily proved; otherwise no judgment can be rightfully rendered against him. (Mason v. Hughart, 9 B. Mon. 480; Egbert v. McMichael, Ibid. 44; Kingston v. Wharton, 2 Serg. & Rawle, 208.)
When Eckler proved that Lail held and owned property subject to the payment of debts, of value probably sufficient *73 to satisfy his claim, he made out his right, prima fade, to a recovery. But Lail could defeat this apparent right by proving that the payment of debts contracted honestly and in the ordinary course of his business, subsequent to his discharge in bankruptcy, would exhaust his estate, and leave nothing to be applied to the satisfaction of Eckler’s demand.'
The promise declared on is a promise to pay when able. It was founded upon a moral obligation, and not upon a valuable consideration received at the time it was made. It can not be presumed the debtor intended or the creditor expected that the rights of persons who had dealt or who might thereafter deal with the late bankrupt in his ordinary business transactions should be subordinated to, or even placed upon terms of equality with, the right secured to Eckler by the conditional promise upon which he founds his action. The promise must be construed to be an undertaking upon the part of Lail to pay Eckler out of the first surplus property he should acquire, and there can be no surplus until he satisfies the claims of those who have extended him credit upon the faith of his non-liability to pay the debts from which he was discharged by the judgment in bankruptcy.
But the court below erred in treating the excess of advancements received by Lail from the estate of his grandfather, Joseph Shawhan, deceased, as a debt due from him to the distributees or personal representatives of the decedent. His co-heirs had the right, before the partition of the real estate descending from their common ancestor, to have the matter of advancements inquired into, and their respective rights in that regard adjusted. But they did not see proper to do so. In an action in equity, to which they were all parties, one hundred and twenty-three acres of land were set apart and conveyed to this appellee. No lien was retained to secure the repayment of advancements made by the ancestor to him, and no claim asserted against him on that account. He took a free, unen *74 cumbered title to his land, and the judgment under which he holds remains to this day in full force and effect.
Subsequently, in an action to settle the rights of the distributees as to the personal estate of the decedent, it was found that appellee had received advancements to the amount of $3,400 more than his proportion, and therefore he was allowed nothing out of the personalty. But the court did not pretend to adjudge that he should refund this excess. The distributees and the personal representatives appreciated the fact that he was under no legal obligation to refund, and sought no judgment against him. As before stated, they might have compelled him to account for this excess in the action in which the real estate was partitioned, by insisting that he should receive no part of the realty untjl they were each and all made proportionately equal with him; but they did not choose to exercise that right. They are now all bound by the judgment of partition, and have no claim against appellee on account of advancements.
It was therefore error upon the part of the court below to allow proof of this supposed claim to go to the jury, and also error to instruct them that they should include it in the estimate they were to make as to the amount of appellee’s indebtedness.
As appellant declined to submit to a general continuance, the court did not err in refusing to allow him to file an amended petition after the testimony had all been heard. The amended petition would have worked a material change in one of the issues of fact upon which the parties went to trial.
For the errors stated the judgment is reversed and the cause remanded for a new trial upon principles not inconsistent with this opinion.