LEWIS H. MARTIN *v.* H. H. FERGUSON.

[Abstract Kentucky Law Reporter, Vol. 3—445.]

**Instruction to the Jury.**

> Where the only issue submitted by the pleadings is as to whether the defendant in the action, subsequent to his discharge in bankruptcy, promised to pay the debt sued on, an instruction is erroneous which instructs the jury to find for the plaintiff upon the hypothesis that the promise made was to pay the debt when he was able, for under the averments of the petition it was incumbent on the plaintiff to have proved an express and unconditional promise to pay the debt. The promise pleaded being unconditional, the plaintiff was not entitled to a verdict upon the proof of a conditional promise.

APPEAL FROM WOODFORD CIRCUIT COURT.

November 29, 1881.

OPINION BY JUDGE LEWIS:

The court did not err in permitting the amended petition to be filed. But the plaintiff in the action having elected to strike from the pleading the statements of the petition, which were inconsistent with those contained in the amended petition, the only issue presented for trial was whether the defendant in the action, subsequent to his discharge in bankruptcy, promised to pay the debt sued on.

The promise alleged to have been made, and which is the foundation of the action, being absolute and unconditional, in order "To maintain his action in the form in which it was brought, it was incumbent on him to have proved an express and unconditional promise by the defendant to pay the debt. * * * If the defendant's promise was conditional, it should have been averred by the plaintiff in his declaration." *Egbert v. McMichael,* 9 B. Mon.

(Ky.) 44; *Walker's Exrs. v. Ogden,* 1 Dana (Ky.) 247; *Scouton v. Eislord,* 7 Johns. (N. Y.) 36.

It follows, therefore, that so much of the instruction given as directs the jury to find for the plaintiff, upon the hypothesis that the promise made was to pay the debt when he, the defendant, was able, is erroneous. Neither the pleading nor evidence authorized the instruction as it was given. The promise pleaded and relied on being unconditional, the plaintiff was not entitled to a verdict upon the proof of a conditional promise. Even if the conditional promise had been both pleaded and proved the instruction should not have been given in the absence of proof of the defendant's ability to pay the debt.

If the defendant's promise was to pay when able, his ability to do so is the essence of the promise, and it should be averred and proven. The jury should be satisfied by the facts proven at the trial that the debtor has property and means which enable him to pay the debt; otherwise no verdict or judgment can be rightfully rendered against him on such conditional promise. Such is the doctrine announced by the court in the cases of *Mason v. Hughart,* 9 B. Mon. (Ky.) 480, and *Eckler v. Galbraith,* 12 Bush (Ky.) 71, and we see no reason why it should not be adhered to.

Wherefore the judgment of the court below is *reversed* and the cause remanded with directions to award to appellant a new trial, and for other proceedings consistent with this opinion.

*D. L. Thornton, for appellant.*

*Porter & Wallace, for appellee.*