## WM. GREEN *v.* JNO. T. McGOWAN.

[Abstract Kentucky Law Reporter, Vol. 7—661, 680.]

**New Promise of Bankrupt to Pay Old Debt.**

Where one acknowledges a debt barred by the statutes of limitation the law will imply a promise to pay; but where one has been discharged in bankruptcy the law will not imply a promise to pay, and he can only bind himself by an express promise to pay.

**Instructions.**

Where there is more than one count in a complaint, and it can not be determined under which count the jury made their finding, if an instruction given is erroneous under either, judgment will be reversed for such error.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

March 13, 1886.

OPINION BY JUDGE PRYOR:

If the appellee had abandoned his right to recover on the promise to pay this debt after the discharge in bankruptcy, and then proceeded alone on the count contained in the amended petition, that

based his right of recovery on the implied promise to contribute by reason of the payment of the note by the appellee, to which appellant maintains he attached his name as surety only, this judgment could be affirmed. This, however, the appellee failed to do, and instructions were given to the jury under which they could find a verdict on either cause of action. We do not mean to adjudge that independent causes of action may not be united in the same petition in different counts; but the trouble in this case arises from a recovery by the appellee upon an erroneous instruction applicable to the cause of action set forth in the original petition. It may be difficult to determine under which count the jury made their finding, and therefore if an instruction is erroneous, under either, the judgment must be reversed.

We perceive no reason for an answer in either case setting up the defense of bankruptcy. In the original petition it is distinctly averred by the plaintiff that after the appellant had been discharged in bankruptcy he promised plaintiff to pay the debt. The only issue raised by the pleadings was as to this promise, the appellant denying that any such had been made. The discharge from the payment of the debt had been pleaded by the plaintiff for the defendant, and a recovery sought upon an express promise to pay after the release or discharge in bankruptcy. The second count alleges that after this promise a note was executed by the plaintiff and the defendant to the creditor of both for the payment of this same debt; and plaintiff having paid off the entire note (the appellee being liable for one-half) the appellant should be compelled to contribute.

The defense made to this count was that the appellant only signed the note as the surety, and this was the only issue presented on that branch of the case. The jury evidently found a verdict on the first count, that is, on the verbal promise to pay; and the court in instructing the jury made the mere acknowledgment of the defendant, that the debt existed, equivalent to an express promise to pay, as in the case of the statute of limitations. In the latter case the original debt still exists, and an implied promise will be created by an unqualified admission of the debt without words showing an express undertaking, but in case of bankruptcy when the debt has been discharged there must be an express promise to pay. It is not necessary that the promise to pay should be un-

conditional, but a promise to pay the debt when able will authorize a recovery in the event the plaintiff can show the ability to pay by the defendant. See *Eckler v. Galbraith & Lail,* 12 Bush (Ky.) 71. If the defendant executed the note as a joint obligation with the appellee he is entitled to recover, or if he promised to pay the debt and in accordance with that promise and in execution thereof gave the note he is liable. If he signed the note as the mere surety of the appellee he is not liable to contribution. If he made an express promise to pay the debt to the plaintiff he is liable, but a mere acknowledgment unqualified that it is a just debt will not raise an implied promise to pay.

For the erroneous instruction given this judgment is *reversed* and remanded for proceedings consistent with this opinion. Judge Holt not sitting.

*A. T. Wood, Apperson & Woodford, for appellant.*
*H. L. Stone, for appellee.*