In re SWEETSER.

(District Court, D. Massachusetts. February 2, 1904.)

No. 7,811.

1. **BANKRUPTCY—PROVABLE DEBTS—EFFECT OF TAKING NEW PROMISE FROM BANKRUPT.**

A creditor of a bankrupt, who after the bankruptcy has taken a new promise based on the original debt, is not thereby precluded from maintaining his proof against the estate in bankruptcy, and receiving dividends thereon, and at the same time proceeding against the bankrupt on the new obligation, so long as he receives but a single satisfaction of his debt.

In Bankruptcy. Under Act March 2, 1867, c. 176, 14 Stat. 517.

Warren O. Kyle, for assignees.
Hollis R. Bailey, for Hammond.

LOWELL, District Judge. Sweetser was adjudicated bankrupt in 1878, and obtained his discharge in 1881. He was indebted to the Florence Machine Company upon several notes given for goods sold to him. The company duly proved these notes in 1878. After proof, but before discharge, the company took new notes for the old indebtedness, some from the bankrupt and some from his wife. What has become of the notes offered in proof does not appear. Probably they were surrendered. One or two of the wife's notes have been paid in whole or in part. In 1895 judgment was recovered against the bankrupt on his whole indebtedness to the company, including that accruing before and after bankruptcy, on which judgment nothing has been paid. In 1881 a bill in equity was brought by the company to obtain payment out of a legacy to the bankrupt, which the creditor alleged did not pass to his assignees in bankruptcy. The bill is still

pending. In 1901 the assignees filed a petition to expunge the original proof, which has been denied by the register, and the case comes before the court on appeal. By reason of the new notes and of the attempts, partially successful, to obtain payment of the debt, new or old, the assignees contend that the company's proof should be expunged or diminished.

The first question for the court to consider is this: Can the creditor of a bankrupt, at one and the same time, share in the estate in bankruptcy and hold valid obligations of the bankrupt based on the same original debt, but given by way of new promise after bankruptcy proceedings have been begun? Must the creditor (1) choose between (a) proceeding against the bankrupt estate on his proof, and (b) against the bankrupt by virtue of his new promise, or (2) may he proceed against both (a) the estate and (b) the bankrupt at the same time, so long as he receives but a single satisfaction on his debt? It is the settled doctrine of the federal courts that a promise given after bankruptcy to pay a debt barred thereby is valid, provided the promise is unequivocal. There is no sufficient reason why the creditor may not thereafter pursue both his remedies at the same time. What he realizes from the bankrupt estate will go in diminution of the bankrupt's new obligation. The bankrupt who, out of mere morality, has revived his obligation discharged by bankruptcy, ought not to find his revived obligation to one creditor increased for the benefit of others. It appears to me, therefore, that there is nothing contrary to law in a creditor's maintaining his proof against the bankrupt estate and receiving dividends therefrom, while at the same time he seeks to enforce a new promise against his original debtor, always provided that the actual debt is paid but once.

In Miller's Appeal, 35 Pa. 481, 482, 483, Mr. Justice Strong said:

"By the deed of assignment, the equitable ownership of all the assigned property passed to the creditors. They became joint proprietors, and each creditor owned such a proportional part of the whole as the debt due to him was of the aggregate of the debts. The extent of his interest was fixed by the deed of trust. It was, indeed, only equitable; but whatever it was he took it under the deed, and it was only as a part owner that he had any standing in court when the distribution came to be made." "It amounts to very little to argue that Miller's recovery of the $2,402.87 operated with precisely the same effect as if a voluntary payment had been made by the assignor after his assignment; that is, that it extinguished the debt to the amount recovered. No doubt it did, but it is not as a creditor that he is entitled to a distributive share of the trust fund. His rights are those of an owner by virtue of the deed of assignment. The amount of the debt due to him is important only so far as it determined the extent of his ownership."

This principle was held by the Supreme Court applicable to the insolvency of national banks (Merrill v. National Bank of Jacksonville, 173 U. S. 131, 19 Sup. Ct. 360, 43 L. Ed. 640), and it is applicable, I believe, to bankruptcy for the purposes of the case at bar. If there be anything to the contrary in In re Montgomery, Fed. Cas. No. 9,730, I cannot agree with it. The creditor, by accepting a new promise, might well be supposed to surrender the original promise of his debtor, if that were in question; but there is no reason to suppose that his acceptance of a new note operates as a surrender of his share in the bankrupt estate, which surrender would inure, not to the benefit of the

new promisor, but to that of other creditors unconnected with the new transaction. On the one hand, the old debt is not merged in the new promise, for the old note and debt, as note and obligation, ceased to exist upon the bankrupt's discharge, and, on the other hand, there is no reason why an equitable undivided share of land, goods, or money should merge in a promissory note. True, the creditor's undivided share of the bankrupt estate is limited by the amount of the old debt; but if the creditor's ownership in the bankrupt estate be only by way of security for a debt otherwise unenforceable, and not an absolute ownership, it remains unreasonable to suppose abandonment of security the necessary result of acceptance of a revived obligation of the original debtor, especially where the abandonment harms both debtor and creditor. See Mason v. Hughart, 9 B. Mon. 480.

If waiver of proof does not necessarily follow from accepting a new obligation, I see nothing to show that the creditor in this case intended to waive his proof. In fact, the officers of the Florence Company probably thought little or nothing about the matter. The estate was not likely to pay dividends. Doubtless they hoped less from the old proof than from the new promise; but there is nothing to show that they gave up the company's rights under the former, and the fact that something was paid upon the new debt does not diminish the proof, for the payment was not made from the bankrupt estate. After due proof of claim, the right to share in that estate depended thereon, and not on the notes themselves. It is true that at one time the old indebtedness to the company arising from these renewal notes was combined in one account with a new indebtedness for goods' sold and delivered after bankruptcy, and payments were made on the combined account; but I am disposed to agree with the register that the payments thus made were intended by both parties to apply to the new indebtedness, and not to the old. This application of payments was, and still is, for the benefit of both creditor and debtor. It was not suggested that any one of the original notes has been paid in full. As to the judgment recovered against the bankrupt, it must be taken to have been recovered on the new promise. If a creditor can accept a new promise without abandoning his proof, he must be able without abandonment to sue and recover judgment upon the new promise.

There is nothing in the contention of the assignees that the claim of the company was not duly assigned to Hammond, whom the register has subrogated to the company's proof. At the time of formal subrogation the company was dissolved, but before its dissolution it had parted with all its rights, and that Hammond is beneficially entitled to all those rights was not disputed.