# Weiner *v.* Schwartz, Appellant.

*Practice—Practice Act—Affidavit of defense—Statement—Sufficiency—Counterclaim.*

In an action of assumpsit for work done and goods sold and delivered, judgment for want of a sufficient affidavit of defense on the ground that the averments in the statement of claim were denied only in general terms, was improperly entered where the statement of claim did not conform with the requirements of the Practice Act.

In such an action it was error for the court to strike off a counterclaim which averred that the defendant was required to expend a stated sum to replace a boiler because of plaintiff's failure to perform his agreement in a good and workmanlike manner. In such case an action of assumpsit would lie against the plaintiff for failure to do that which he agreed to do, and defendant may properly set off what he paid, against plaintiff's demand.

*Justice of the Peace—Appeals—Set-off—Act of March 20, 1810, 5 Sm. L., 163.*

On an appeal from a judgment of a Justice of the Peace the defendant is not restricted to the set-off relied on before the Justice. The 7th Section of the Act of March 20, 1810, 5 Sm. L. 163, merely bars the right to recover in a separate action.

Argued November 12, 1925. Appeal No. 282, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, April T., 1925, No. 294, in the case of Max Weiner v. B. Schwartz. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for goods sold and delivered. Before BONNIWELL and KNOWLES, JJ.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The rule was made absolute. Defendant appealed.

*Error assigned,* was the striking off of the defendant's counterclaim.

**552** WEINER v. SCHWARTZ, Appellant.

*James H. Young,* for appellant.—A set-off and counterclaim which is based upon a breach of contract and upon liquidated damages is proper: McLaughlin v. Reiveman, 69 Pitts. 426; Pownall v. Bair, 78 Pa. 403; Glennon v. Lebanon Mfg. Co., 140 Pa. 594.

*David Mandel, Jr.,* and with him *Alvin L. Levi* and *Julius Levi,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

The plaintiff's statement alleges that he did certain plumbing work and furnished certain materials to the defendant. The action he states is based upon the books of original entry, a copy of part of which is attached to the statement. A further allegation is that the prices are reasonable and that the defendant agreed with the plaintiff to pay the prices so set forth. In the affidavit of defense, in a rather general way, denial is made of the statements made by the plaintiff and there is introduced a set-off and counterclaim. The court in the first place struck off the counterclaim, because it consisted of unliquidated damages and was in the nature of an action in trespass and later entered judgment of the plaintiff because the affidavit of defense contained merely bare denials. As we have said before, there is merit in the criticism of the affidavit of defense, for the denials are very general, but the plaintiff is tarred with the same stick. It will be noticed, as we have already observed, that he based his action upon the books of original entry. The account set out and attached to the statement is largely made up of lump sums, wherein a number of subjects are combined under one head. Further on, the statement alleges that the defendant agreed with the plaintiff to pay for the said goods, and merchandise, but he omits to state whether this agreement was in writing or verbal. Act of May 14th, 1915, P. L. 483, Section 9.

Passing the defects in the plaintiff's statement, we think the lower court was not warranted in denying the counterclaim. The counterclaim was to this effect: that the defendant employed the plaintiff to repair a kitchen boiler, that the plaintiff so carelessly and negligently performed his work that the boiler was utterly unfit for the use that it was intended. The defendant was then obliged to purchase and have installed a new boiler, and was required to spend $45. The criterion is whether under these facts he must bring an action of trespass, or may proceed in assumpsit. If assumpsit lies, the counterclaim is proper. Act of May 14th, 1915, P. L. 483, Section 14. The counterclaim is founded upon the failure of the plaintiff to keep his engagement to repair the boiler in a careful and workman-like manner, and owing to the breach of this contract, defendant has been required to get another boiler which cost him $45, the original boiler being worthless. We think the counterclaim should have been allowed to stand. There are no unliquidated damages in this action, and an action of assumpsit lies against the plaintiff, for he failed to do what he was hired to do, and his failing to keep his engagement required the defendant to expend the sum he claims.

The appellee in his argument states that in the proceedings before the magistrate no counterclaim was set up, and therefore the defendant was barred from setting it up in the Municipal Court on appeal. We may observe that however this reason may have been urged in the lower court, it nowhere appears that this was done or that such counterclaim was not presented before the magistrate. Only part of the record is printed and from what is before us we would ordinarily be compelled to hold that the question was not raised in the lower court and no question should be considered here on appeal that does not appear to have been raised in the court below. See Common-

wealth v. Andoukitis, 83 Pa. Superior Ct. 206, in which case, as in this, only part of the record was printed.

As this case however goes back for retrial, we call attention to the cases of Lyons v. Barnett, 79 Pa. Superior Ct. 352; Tate v. Tate, 2 Grant 150; and Cook v. Shirley, 4 W. N. C. 560, in which it is decided that a defendant is not restricted to the set-off relied on before the justice. The 7th section of the act of 20 March 1810, 5 Sm. 163, merely bars the right to recover in a separate action.

The judgment of the lower court is reversed with a procedendo.