# Herring *against* Adams.

One sued before a justice of the peace must set-off any claim not exceeding $100, which he may have against the plaintiff, or be for ever barred from its recovery elsewhere.

Money collected upon an execution by a constable, cannot be recovered back again from the officer upon the allegation of its having been paid a second time.

ERROR to *Berks* county.

*Hoffman*, for plaintiff in error.
*Barr*, for the defendant in error.

The opinion of the Court was delivered by

KENNEDY, J. — This action was instituted by the defendant in error against the plaintiff in error, originally before a justice of the

[Herring v. Adams.]

peace, on the 13th of June 1838, to recover back $18 paid by the defendant in error to the plaintiff in error on the 15th of December 1835, and the further sum of $5.75, paid by the same to the same on the 15th of January 1836; both sums paid to the plaintiff in error as a constable, upon an execution which he had in his hands in full force against the defendant in error, at the suit of a Henry Kohler. These two sums are said to have been paid in discharge of the costs marked on the execution, there being some understanding that the debt marked on it should not be collected until a further order from Kohler. This suit, while pending before the justice, was referred to arbitrators, who made an award in favour of Adams, the plaintiff, against Herring, for a certain sum of money, upon which the justice rendered a judgment against Herring. From this judgment Herring appealed to the next Court of Common Pleas to be holden in and for Berks county. On the trial of the cause in the Court of Common Pleas, in addition to the moneys mentioned above as paid by Adams to Herring, it appeared that Adams, some time afterwards, paid $30 to a Jesse Miller, another constable, who had a second execution upon the same judgment for the debt against Adams; that these $30 were paid over by Miller to Herring, who claimed the same, and that Miller, at the same time, took a promissory note of Herring for $15, to be refunded in case he (Herring) were not entitled to the money. Herring, by way of defence, showed that on the 9th of January 1838, five months and upwards before this suit was commenced, he instituted a suit against Adams, before a justice of the peace, to recover moneys which he had paid and advanced for him, in which he recovered a judgment against Adams on the 4th of August 1840, for $48.55, besides costs of suit, which judgment had become final and remained in full force.

These facts and circumstances would seem to have been the most, if not all that were shown on the trial. The defendant, Herring, contended that the claim for which Adams sued in this action, if it existed at all, existed before and at the time he (Herring) sued Adams and recovered the judgment against him for the $48.55, and that Adams not having set up his claim made here as a set-off, or by way of defalcation there, was precluded by the Act of Assembly of 1810 from recovering it in this action. The court, however, thought otherwise, and accordingly instructed the jury that Adams was not barred on that ground from recovering in this action. This instruction, as it appears to us from the facts, was clearly erroneous; for the Act of Assembly is imperative upon a defendant who is sued before an alderman or a justice of the peace, for a debt or demand founded on a contract, that if he has one of a like nature against the plaintiff, not exceeding in amount $100, he shall defalk or set it off, or otherwise be precluded for ever afterwards from recovering it.

But from the facts of the case as they are disclosed to us, we

also think that the court erred in not instructing the jury that the plaintiff below was not entitled to recover because the money which he sought to recover back of the defendant, Herring, was paid and received under the authority of law, that is, upon an execution regularly sued out and directed to Herring as constable, upon a judgment duly obtained against Adams, which has never been vacated or reversed. It is clear that money thus paid cannot be recovered back even from the plaintiff in the execution and judgment, to whom it has been paid over, and much less, if possible, from the officer.

Judgment reversed, and a *venire facias de novo* awarded.