## Federal Insurance Co. *versus* Robinson.

82  357
137  384

1. Where the payment of usurious interest was made upon process of execution, and there was no allegation of actual collusion to evade the statute, it was not recoverable in a new suit. The remedy of the defendant was to apply to the court to open the judgment.

2. *Query.* Whether the defendant would be precluded from recovery of usury, voluntarily paid on a judgment, entered on bond and warrant of attorney given for the original loan.

October 4th 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1876, No. 145.

This was case, brought by Eccles Robinson against the Federal Insurance Company, to recover usurious interest alleged to have been retained by the defendant company out of a loan made to plaintiff.

The facts appeared to be these: On July 28th 1873, Robinson gave his judgment bond to S. C. Schoyer to secure the payment of $4500, furnished by the Federal Insurance Company, of which sum plaintiff was to have the use for two years, at the rate of ten per cent. per annum.   When the loan was made $360 was withheld, being the difference between six and ten per cent. on $4500, and it was for this difference this suit was brought.

Judgment was entered on the bond given to Schoyer, and that judgment assigned to the defendant company, who, upon the failure of Robinson to pay the interest, issued execution thereon, and upon a return of nulla bona, an execution attachment issued, attaching moneys in the hands of James P. Speer and others, garnishees, on which the court granted judgment against the garnishees.   Robinson, it appeared, had no notice of this proceeding.   Speer took an assignment of the execution attachment and original judgment, and gave to the company the amount of the same.

Eccles Robinson was a distributee of the estate of William Robinson, Jr., deceased, but, prior to the distribution, assigned his interest therein to one Gray.   In the distribution of the estate of Robinson, Jr., Speer was allowed the amount of the judgments he had purchased of the Federal Insurance Company out of the share distributed to the assignee of Robinson, and then satisfied the judgments against the latter.

This action was brought in April 1875, to recover the $360 above mentioned, usurious interest retained by the Federal Insurance Company on July 28th 1873, the plaintiff alleging that he paid the amount loaned when the assignment was made to Speer.

On the trial the defendant submitted, among others, the following point:—

That the usurious interest must have been paid voluntarily to entitle plaintiff to recover.

The answer of the court was:—

" As this point, under the evidence, is intended to mean that because the judgment given by plaintiff was paid by compulsion or process of law, plaintiff cannot recover, we are compelled to refuse it.   The fact that a party has entered into a usurious contract with another, does not pay it voluntarily, but is compelled to do so by legal process, will not prevent his recovering back the usurious interest if suit is brought within the time limited by law."

The verdict was for the plaintiff for $370.80, and judgment was afterwards entered thereon.

Defendant took this writ, and among other errors assigned, was the refusal to answer the foregoing point.

*Samuel C. Schoyer*, for plaintiff in error.—Was the payment of the debt voluntary?   The bond, the evidence of the debt, had been merged in a judgment.   A writ of fieri facias had issued thereon and been returned, and an execution attachment was issued, summoning James P. Speer and others as garnishees, attaching moneys in their hands belonging to said Robinson, and on the answers filed by the garnishees to interrogatories served on them, the court granted judgment, and ordered the garnishees to pay the amount of the judgment, and in default execution to issue.   Under stress of this judgment and order, the garnishees paid the judgment, recovering back from Robinson, by subsequent proceedings in the Orphans' Court, the amount paid by them.   In all these proceedings Robinson has been in court, and the money having been made thereunder, it was certainly made by legal constraint and can in no sense be called a voluntary payment, unless that word, as used in the Act of May 22d 1858, Pamph. L. 622, bears the very opposite from its usual signification : Troubat & Haly's Pr., vol. 2, p. 8.   If the garnishees improvidently paid the judgment, Robinson certainly has his remedy.

*W. H. McGary*, for defendant in error.—Whether the contract was completed by a compulsory process, or voluntarily, matters not, so far as the rights of the borrower are concerned, as he is not required to pay the excess over the legal rate : Philanthropic Building Association *v.* McKnight, 11 Casey 470 ; Heath *v.* Page, 13 P. F. Smith 108.   The receiving of excessive interest is a public evil and prohibited : Campbell *v.* Sloan, 12 P. F. Smith 481 ; Lucas *v.* Government National Bank, 28 Id. 232.

Mr. Justice SHARSWOOD delivered the opinion of the court, October 10th 1876.

While it is well settled, as a general principle, that money voluntarily paid upon a claim of right cannot be recovered back, an exception has been recognised in the case of usury so paid.   The reason of this exception is stated to be that it is money obtained by oppression and by taking advantage of the distresses of others, in

[Federal Insurance Co. *v.* Robinson.]

violation of a law made for their protection. It is not therefore a voluntary payment; for the parties are not *in pari delicto :* Thomas *v.* Shoemaker, 6 W. & S. 183. The Act of Assembly of May 22d 1858, Pamph. L. 622, has not changed this rule, but has put a new period of limitation to an action to reclaim the usury, by providing that "in all cases where any borrower or debtor shall heretofore or hereafter have voluntarily paid the whole debt or sum loaned, together with the interest exceeding the lawful rate, no action to recover back any such excess shall be sustained in any court of this Commonwealth, unless the same shall have been commenced within six months from and after the time of such payment." It is evident that the act, by the use of the word "voluntarily," did not intend to limit the action to cases of voluntary payment; though it may perhaps be argued that the limitation is only applicable to such cases, and not to a payment by duress or unlawful coercion of any kind.

There is another principle, however, which we think is applicable to this case and ought to rule it. Money collected or paid upon lawful process of execution cannot be recovered back, though not justly or lawfully due by the defendant in the execution to the plaintiff. The authorities for this position are many and clear: 1 Selwyn's N. P. 82; 1 Archbold's N. P. 267; Rapelje *v.* Emory, 2 Dall. 51, 231; Herring *v.* Adams, 5 W. & S. 459; Mann's Appeal, 1 Barr 29; Boas *v.* Updegrove, 5 Id. 516. In the case of Rapelje *v.* Emory, *supra,* the money was recovered and collected of a garnishee in foreign attachment, in the island of St. Eustathius. It was held that the defendant in the attachment could not recover it of the plaintiff, though he had no notice of the proceeding. The reason is a very obvious one. An execution is the end of the law. To permit money so collected or paid to be reclaimed in a new suit, would lead to indefinite and endless litigation. If such suit could be maintained, then another might be brought to recover the money paid on the judgment and execution in it, and so on *ad infinitum.* Without saying that a defendant would be precluded from recovery of usury voluntarily paid on a judgment entered on bond and warrant of attorney, given for the original loan, we think the rule must be different where the payment is made upon process of execution, and where there is no allegation of actual collusion to evade the statute. The remedy of the defendant is an application to the court to open the judgment. The duty of the garnishee was to notify him of the attachment, and if he failed in this duty, the defendant must look to him for redress of the injury he has suffered by his neglect.

Judgment reversed.