# Backer v. Remov, Appellant.

*Practice, Municipal Court of Philadelphia County—Counterclaim—Unsettled partnership account—Act of May 14, 1915, P. L. 483.*

There is nothing in the Practice Act of May 14, 1915, P. L. 483, which permits an unsettled partnership account to be set off in an

action of assumpsit by one partner against another for a personal debt where the partnership concerns more than one single transaction. Section 14 of the act permits only a set-off by way of counterclaim against the claim of the plaintiff of any right or claim for which an action of assumpsit would lie.

*Courts—Municipal Court of Philadelphia County—Amount in controversy—Jurisdiction—Counterclaim.*

In an action of assumpsit in the Municipal Court of Philadelphia County to recover the sum of one hundred and ten dollars, the defendant cannot introduce a counterclaim in excess of fifteen hundred dollars, and ask a balance in his favor. As the plaintiff can only maintain a demand for a sum not exceeding six hundred dollars, the defendant is placed under a like restriction.

Submitted Oct. 17, 1917.    Appeal, No. 302, Oct. T., 1917, by defendant, from order of Municipal Court, Philadelphia Co., July T., 1917, No. 449, making absolute rule for judgment for want of a sufficient answer and counterclaim.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit to recover a bill of merchandise.    Before KNOWLES, J.

The pleadings are summarized in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient answer and counterclaim.

*Abraham M. Rose,* for appellant.

*Henry Arronson,* of *Shoyer & Arronson,* for appellee.

OPINION BY HENDERSON, J., March 2, 1918:

The plaintiff brought an action of assumpsit in the Municipal Court to recover the balance due for a bill of merchandise sold to the defendant.    The latter not de-

nying the correctness of the account set up a counterclaim in excess of $1,500. This claim arose as set forth in the statement out of partnership dealings between the plaintiff and defendant as merchants in the City of Philadelphia where they conducted stores for the sale of woolens, which firm was dissolved as alleged by the defendant on or about the 12th day of December, 1916, by the withdrawal of the plaintiff from the partnership. The defendant demands an account from the plaintiff of the value of the copartnership business at the time of the dissolution; of the amount due to each of the partners and that the balance due to the defendant be paid to him with interest from the 12th day of December, 1916. A rule for judgment for want of a sufficient answer and counterclaim was made absolute by the court from which judgment this appeal was taken. Two questions are presented for consideration: (1) whether a claim of the character presented by the defendant can be set off in the plaintiff's action; (2) whether the counterclaim being in excess of $1,500 is within the jurisdiction of the Municipal Court.

With respect to the first question it is not controverted by the appellant's counsel that prior to the Practice Act of May 14, 1915, an unsettled partnership account could not be set off in an action of assumpsit by one partner against another for a personal debt, the only exception being where the partnership was in one single transaction. At common law account render was the form of action for the settlement of partnership accounts and jurisdiction in equity is given by our statute but the action of assumpsit is not available for such a purpose: Ozeas v. Johnson, 1 Binney 191; Andrews v. Allen, 9 S. & R. 241; Russell v. Miller, 54 Pa. 154; Knerr v. Hoffman, 65 Pa. 126; Wharton v. Douglass, 76 Pa. 273. As it appears from the counterclaim that there never has been a settlement or statement of account between the parties the defendant's remedy is at law by account render or by bill in equity, therefore, unless the Prac-

tice Act has given jurisdiction in assumpsit. It is contended that this has been done by section 11 of that act which provides that "if the plaintiff avers that the defendant has received moneys as agent, trustee or in any other capacity for which he is bound to account to the plaintiff or if the plaintiff is unable to state the exact amount due him by the defendant by reason of the defendant's failure to account to him the plaintiff may ask for an account"; and by section 14 which is as follows: "In actions of assumpsit a defendant may set off or set up by way of counterclaim against the claim of the plaintiff any right or claim for which an action of assumpsit would lie and a verdict may be rendered in his favor for the amount found to be due and judgment entered thereon." The title of the act relates to "Practice in the Courts of Common Pleas in actions of assumpsit and trespass except actions in libel and slander prescribing the pleadings and procedure to be observed therein," etc. And the first section enacts that "in actions of assumpsit and trespass except actions in libel and slander brought in any Court of Common Pleas the procedure shall be as herein provided." It will be observed then that the act relates to procedure in the actions named and prescribes the method of pleading therein. There is nothing in the title nor the first section, which declares the purpose of the legislation, showing an intention to enlarge the class of claims which may be made the subject of the action of assumpsit nor to make that which was theretofore exclusively triable in an action of account render or by a proceeding in equity cognizable in an action of assumpsit. The defendant's right to introduce a set-off or counterclaim is expressly limited to "any right of claim for which an action of assumpsit would lie." This has evident reference to the action of assumpsit as understood at the time the act was passed. It is unnecessary to consider to how wide an extent the sections above cited may apply. It can

readily be seen that where one has acted as agent or trustee for another and in that capacity has received various sums of money of which the principal has no definite knowledge there might be an occasion for the application of the provisions of section 11 but it does not, in the view which we take of it, change the form of the action of assumpsit so that it may be a substitute for account render. It may well be doubted whether it has any reference to mutual unsettled accounts; and the 14th section gives no greater right to the defendant in the use of a counterclaim than has the plaintiff in the assertion of his claim. He is expressly limited to the use of such demands as might be sued for in assumpsit. The learned judge of the court below is well sustained by the authorities cited in his conclusion that the defendant's claim cannot be asserted by way of set-off or counterclaim in this action.

The second question raised must be answered against the appellant's contention. The jurisdiction of the Municipal Court in actions of assumpsit is limited to $600. The defendant introduces a counterclaim in excess of $1,500 and asks a balance in his favor. With respect to this claim he is in the attitude of a plaintiff and would have the Municipal Court enter a judgment in excess of $1,500 in his favor in an action of assumpsit. It cannot have been the legislative intention to give that court jurisdiction in adjudicating a counterclaim which it did not have in the consideration of the claim of the plaintiff. A reasonable construction of the legislation must put the contending litigants on an equality. The plaintiff could only maintain a demand for a sum not exceeding $600 and the defendant is placed under a like restriction. No reason is apparent why a discrimination should be made in favor of the defendant and the legislation on the subject we think clearly establishes a contrary condition. The question is analagous to that considered in Holden v. Wiggins, 3 Penrose & Watts

469, where the jurisdiction of a justice of the peace was under consideration with respect to the right of the defendant to introduce a set-off.

The appeal is dismissed and the judgment affirmed.