## Hallowell v. Kimink et ux.

*Practice, C. P.—Pleading—Affidavit of defence — Statement of claim — Set-off—Counter-claim—Demurrer—Act of May 14, 1915.*

1. Where plaintiff sues in *assumpsit*, and defendant files an affidavit of defence to the merits and attaches thereto a set-off or counter-claim for unliquidated damages sounding in tort, it is the duty of the plaintiff to move to strike off the set-off or counter-claim from the record, inasmuch as the claim in tort cannot be set off against a claim on a contract.

2. If, in such case, the plaintiff files a demurrer to the set-off or counter-claim, the court may consider it as in effect a motion to strike off and allow it as such.

3. An issue should not be permitted to be raised by the parties in any case which the law declares cannot be disposed of at its trial.

Motion to strike off part of affidavit of defence.  C. P. Montgomery Co., Sept. T., 1921, No. 119.

*Harold G. Knight*, for plaintiff;  *E. L. & Thomas Hallman*, for defendant.

MILLER, J., Dec. 24, 1921.—The question involved here resolves itself into one of practice. The plaintiff sued in *assumpsit;* the defendants filed an affidavit of defence to the merits and attached to it a set-off or counter-claim for unliquidated damages sounding in tort; the plaintiff made reply by way of demurrer to the latter, and the case appeared on the last argument list for disposition by the court on "plaintiff's answer to defendants' counter-claim raising questions of law."

We know of no power in the court to dispose of the case as it is thus presented and enter judgment.

Section 14 of the Practice Act of May 14, 1915, P. L. 483, 485, limits set-off or counter-claim in actions of *assumpsit* to "any right or claim for which an action of *assumpsit* would lie:" Backer *v.* Remov, 69 Pa. Superior Ct. 138. This was but a statutory declaration of a long-established principle of the common law. When, therefore, the defendants set up by way of counter-claim a demand for unliquidated damages arising *ex delicto*, they violated the plain provisions of the law: Kelly *v.* Miller, 249 Pa. 314. The plaintiff should then have moved to strike the set-off or counter-claim from the record. To the contrary, however, it replied by way of demurrer, which was not allowable.

As the case was fully argued, we shall, however, consider the plaintiff's demurrer as in effect a motion to strike from the record so much of the defendants' affidavit of defence as relates to the counter-claim, and the motion is allowed and the same is done. This puts the case at issue and ready for trial on the statement and affidavit of defence.

After the foregoing was written, but before it was filed, we have observed the case of Hilton *v.* Sharpless, 30 Dist. R. 1060. There, Judge Landis appears to hold directly to the contrary on the question of practice here involved. His learning and experience have, quite naturally, caused us to give it further consideration. As a consequence, we are inclined to adhere to our opinion, especially as the report conveys no information concerning the character of, or the circumstances giving rise to, the set-off set up in the Hilton case. It may not have violated the Act of 1915. Here, however, it does not conform to its express provision, and section 21 would seem to apply, just as it does where the statement contains argumentative or informatory paragraphs: Atherton *v.* Coal Co., 22 Lacka. Jur. 19;  those which are merely evidential in character: Golden *v.* Collins, 1 Wash. 191;  or those which set up mere inferences or conclusions: Lutz *v.* Wright, 28 Dist. R. 32.

Furthermore, the act enumerates the pleadings that may be filed and determines when a case is at issue. The parties find themselves in court to adjust

their differences and set forth their relative positions in their written pleadings. It is largely within their power thus to create their own issues. It is on these issues, as thus created, that they go to trial. Such issues must be not only clearly stated, but, at least to some extent, controlled by law. False issues cannot be injected into a case. They should be consistent or harmonious. Liability of the defendant, *ex contractu*, and of the plaintiff, *ex delicto*, cannot ordinarily be tried together. It is under section 21 of the act, therefore, that we exercise the control just mentioned. An issue should not be permitted to be raised by the parties in any case which the law declares cannot be disposed of at its trial. A liberal construction of section 21 of the act would seem to be in harmony with its purpose and spirit.

From Montgomery Evans, Norristown, Pa.