# Lyons *v.* Barnett, Appellant.

*Jurisdiction, J. P.—Set-off—Practice, C. P.—Appeal from justice of the peace—Acts of March 20, 1810, 5 Sm. L. 161, and July 7, 1879, P. L. 194.*

The right to defalcate or set off accounts in actions in the courts of this State was originally secured by the Act of January 12, 1705, 1 Sm. L. 49.

Section 7 of the Act of March 20, 1810, 5 Sm. L. 161, bars the defendant in an action before a justice of the peace who fails to present, by way of set-off, any claim founded upon contract and not exceeding $100, which he may have against the plaintiff, from recovering upon such claim in any after suit. It does not prescribe the limit of a justice's jurisdiction by way of set-off.

This section was not affected by the Act of July 7, 1879, P. L. 194, enlarging the jurisdiction of justices of the peace to include claims up to $300.

The amount which could be pleaded as a set-off in an action arising from contract before a justice was limited by the jurisdiction of the justice, which under the Act of March 20, 1810, 5 Sm. L. 161, was $100. When the Act of July 7, 1879, P. L. 194, enlarged the jurisdiction of justices in such actions to $300, the jurisdiction to pass upon claims presented by way of set-off was correspondingly increased.

On appeal to the court of common pleas from the judgment of a justice, a defendant may plead and give evidence of a set-off not exceeding $300.

Argued April 11, 1922. Appeal, No. 94, April T., 1922, by defendant, from judgment of C. P. Greene Co., March T., 1919, No. 128, on verdict for plaintiff, in the case of Albert Lyons v. A. B. Barnett. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Appeal from judgment of justice of the peace. Before RAY, P. J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $174.49, and judgment thereon. Defendant appealed.

352, (1922).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were refusal of the court to permit proof of a claim of set-off by cross-examination of the plaintiff, refusal to permit proof of the claim by the defendant, and the amendment of the transcript.

*Challen W. Waychoff,* for appellant.

*James J. Purman,* for appellee.

OPINION BY KELLER, J., July 13, 1922:

On the trial of an appeal from the judgment of a justice of the peace, in an action arising from contract, the court below refused to allow the defendant to give evidence of a claim of set-off amounting to $291.56, on the ground that section 7 of the Act of March 20, 1810, 5 Sm. L. 161, limited the amount of a set-off which could be presented before a justice to the sum of $100, and on appeal to the common pleas the same limitation attached.

The right to defalcate or set off accounts, etc., in actions brought in any court in this State was secured by the Act of January 12, 1705, 1 Sm. L. 49. The amount which could be set off in an action before a justice under the Act of 1810, supra, was naturally limited by the jurisdiction of the justice, as fixed by section 1, which provided that the several justices "shall have jurisdiction of all causes of action arising from contract, either express or implied, in all cases where the sum demanded is not above one hundred dollars; except in cases of real contract, where the title to lands or tenements may come in question, or action upon promise of marriage."

A set-off is, in effect, a cross action: Gunnis, Barritt & Co. v. Cluff, 111 Pa. 512. Without more, therefore, the general limitation of the jurisdiction of a justice in actions arising from contract necessarily limited the set-off which he might consider and pass upon in such actions to a like amount: Milliken & Co. v. Gardner, 37 Pa. 457, 458; Holden v. Wiggins, 3 P. & W. 469, 472. In Deihm v. Snell, 119 Pa. 316, the defendant, on the trial

of an appeal in the common pleas, was allowed to set off a claim alleged to be due him by the plaintiff growing out of a contract for the purchase of land, the title to which might come in question upon the trial, which extinguished the plaintiff's claim and resulted in a verdict for the defendant. Outside of the first section, fixing the jurisdiction of the justice, there is no provision in the Act of 1810 that a defendant may not set off claims growing out of real contract, where the title to lands may come in question; but the Supreme Court reversed the lower court, and held that the limitation of the jurisdiction of the justice in the first section necessarily limited the claims which might be presented by way of set-off.

So, when the Municipal Court of Philadelphia County was created, (Act of July 12, 1913, P. L. 711), and its jurisdiction in actions of assumpsit was fixed at $600, it was held by this court that without any special provision limiting the amount of a set-off which might be presented and passed upon in said court, the limitation of its general jurisdiction necessarily fixed its jurisdiction in matters of set-off: Backer v. Remov, 69 Pa. Superior Ct. 138.

It follows that when the Act of July 7, 1879, P. L. 194, enlarged the jurisdiction of justices in such actions to an amount not exceeding $300, the jurisdiction to pass upon claims presented by way of set-off therein was likewise increased unless precluded by some other provision in the Act of 1810 or the Act of 1879.

Section 7 of the Act of 1810, supra, is the only clause having any possible bearing on the subject. It provides —in its material part—as follows: "That a defendant who shall neglect or refuse in any case to set off his demand, whether founded upon bond, note, penal or single bill, writing obligatory, book account or damages, on assumption against a plaintiff, which shall not exceed the sum of one hundred dollars, before a justice of the peace, shall be and is hereby forever barred from recovering against the party plaintiff by any after suit."

A careful reading of this section shows that its purpose was not to limit the amount of a defendant's set-off but to require him to present at the hearing before the justice whatever set-off, founded on contract, he might have against the plaintiff, if it should not exceed the sum of one hundred dollars,—the limit of the justice's jurisdiction,—under penalty if he failed to do so, of being forever barred of afterwards suing thereon: Herring v. Adams, 5 W. & S. 459, 460; Simpson v. Lapsley, 3 Pa. 459, 460; Slyhoof v. Flitcraft, 1 Ashmead 171, 173; Shoup v. Shoup, 15 Pa. 361, 363. Independently of this section, it would have been optional with the defendant whether to present his set-off before the justice or sue in another action: Slyhoof v. Flitcraft, supra, p. 173; White v. Johnson, 2 Ashmead 146, 149. The only prohibitory provision contained in the section is in the last two lines of the quoted portion, as may be seen somewhat more clearly from the following rearrangement: "If any defendant shall have a demand, which does not exceed the sum of one hundred dollars, founded upon bond, etc., against a plaintiff and shall neglect or refuse in any case to set off the same before a justice of the peace, he shall be and is hereby forever barred from recovering against the party plaintiff by any after suit."

This section was not affected by the enlarging Act of 1879 and is still in force, so that while the jurisdiction of a justice has been increased from $100 to $300, a defendant is only required, under the penalty before mentioned, to present his set-off before the justice if his claim does not exceed $100. If defendant's set-off exceeds $100, but is not more than $300,—the present limit of the justice's jurisdiction,—he may, at his election, either present it at the hearing before the justice, or refrain from doing so and bring a separate action thereupon against the plaintiff. And he is not restricted on the trial of the appeal in the common pleas to the set-off relied on before the justice: Tate v. Tate, 2 Grant 150.

A somewhat similar situation exists with regard to section 26 of the Act of 1810, supra, which provides that a person who sues otherwise than as directed in said act and recovers a verdict or judgment of less than $100 shall not recover costs in said suit unless he made oath before obtaining the writ that he did truly believe the debt due or damages sustained exceeded the sum of $100. This section, likewise, was not affected by the Act of 1879, and though the jurisdiction of a justice is now enlarged to $300, a plaintiff may still sue in the common pleas and recover a verdict of less than $300, (provided it exceeds $100), without making affidavit or losing his costs.

Giving full consideration to the able argument of the learned counsel for the appellee, we are of opinion that a justice has jurisdiction of proper claims of set-off, not exceeding $300, and that on appeal to the common pleas a like set-off may be pleaded, (Act of April 14, 1921, P. L. 144), and given in evidence.

The second assignment of error is sustained. The first and third are overruled.

The judgment of the court below is reversed and a venire facias de novo is awarded.