## Fearon v. Meads.

*Practice, C. P.—Action of assumpsit—Request for an accounting—Settlement of partnership accounts—Act of May 14, 1915.*

Section 11 of the Act of May 14, 1915, P. L. 483, which authorizes the plaintiff in an action of *assumpsit* in certain cases to ask for an account, does not apply to unsettled partnership accounts in which more than one transaction is involved.

Application by plaintiff for an order on defendant to render an account of partnership matters in an action of *assumpsit* for moneys alleged to be due on the partnership account. C. P. York Co., April T., 1922, No. 83.

*Robert C. Fluhrer,* for plaintiff.

*Samuel S. Laucks* and *John A. Hoober,* for defendant.

WANNER, P. J.—The plaintiff seeks to recover certain moneys alleged to be due him out of an unsettled partnership business, in which he and the defendant were formerly engaged, and he avers that he cannot ascertain or set forth in his statement the precise amount so due him from the defendant because the latter has seized and withholds from him the books, papers, records and accounts of the said partnership business. He, therefore, prays the court to order an accounting of the firm business by the defendant under the provisions of section 11 of the Practice Act of May 14, 1915, P. L. 483, which section is as follows:

"Section 11. If the plaintiff avers that the defendant has received moneys as agent, trustee, or in any other capacity for which he is bound to account to the plaintiff, or if the plaintiff is unable to state the exact amount due him by the defendant by reason of the defendant's failure to account to him, the plaintiff may ask for an account."

The defendant contends that said section of the Practice Act of 1915 is not applicable to unsettled partnership accounts. It was well settled, prior to the

Fearon v. Meads.

passage of said act, that at the common law account render, and not *assumpsit*, was the proper form of action for the recovery of moneys due on unsettled partnership accounts, and section 18 of the Act of Oct. 13, 1840, P. L. (1841) 1, 7, regulated proceedings in this Commonwealth in such action.

Section 19 of the same act of assembly vested chancery powers in the Supreme Court, the several District Courts and the Courts of Common Pleas of this Commonwealth for the settlement of partnership accounts, and provided that partners might proceed either by an action of account render at common law or by a bill in equity to procure an accounting. The right to an accounting as between partners is also declared in section 43 of the "Uniform Partnership Act" of March 26, 1915, P. L. 18: Underdown v. Underdown, 270 Pa. 229.

The Act of May 14, 1915, P. L. 483, is entitled "An act relating to practice in the Courts of Common Pleas in actions of *assumpsit* and trespass, except actions of libel and slander, prescribing the pleadings and procedure to be observed therein and giving the courts power to enforce its provisions." This act has been held to relate to the actions of *assumpsit* and trespass as they existed at the time of its passage, and no subsequent legislation has consolidated the actions of *assumpsit* and account render, or expressly declared partnership moneys due on unsettled accounts to be recoverable under the former. Neither has the statutory equitable remedy been abolished or made merely ancillary to the actions of *assumpsit*. It was held in Backer v. Remov, 69 Pa. Superior Ct. 138, that the action of *assumpsit* was not available for the settlement of partnership accounts of more than one transaction, and that, therefore, a counter-claim for moneys due on unsettled partnership accounts could not be set up by the defendant in an action of *assumpsit* because section 14 of the Practice Act of 1915 limits such counter-claims to rights or claims for which an action of *assumpsit* would lie.

This decision is authoritative and has been followed in subsequent lower court cases, viz.: Alexander v. Sieber, 50 Pa. C. C. Reps. 18; Comerer v. Fraker's Admin'r, 29 Dist. R. 491; Masitis v. St. Vincent B. & P. Society, 44 Pa. C. C. Reps. 289, 25 Dist. R. 991.

The recent case of Miller v. Belmont P. & R. Co., 268 Pa. 51, has been cited as in conflict with Backer v. Remov, 69 Pa. Superior Ct. 138, but it will be observed that no partnership accounts were involved in Miller v. Belmont P. & R. Co. The precise question decided there was that in an action of *assumpsit* for the recovery of royalties on a patent, the court could order an accounting by the defendant after a verdict for the plaintiff, and an appeal therefrom was dismissed because the order itself was an interlocutory one, and, therefore, unappealable. No dissent with the ruling of the court in Becker v. Remov was indicated, and the Chief Justice, in delivering the opinion, though sustaining the power of the legislature to authorize the use of an equitable remedy in aid of a common law form of action, expressly refrained from deciding whether or not it intended to do so by the provisions of section 11 of the Practice Act of 1915.

We fail to find in the above, or any other appellate court case in Pennsylvania, any such qualification or reversal of the ruling of the court in Backer v. Remov, 69 Pa. Superior Ct. 138, as would justify this court in disregarding its authority.

And now, to wit, Aug. 14, 1922, the plaintiff's request for an order on the defendant to render an account of the business of the partnership heretofore existing between them is hereby overruled and refused.

From Richard E. Cochran, York, Pa.