## Waterbor et al. v. Caskie et al.

*Harry P. Creveling* and *Steigerwalt & Riley*, for plaintiffs.

*Snyder, Wert & Wilcox*, for defendants.

HENNINGER, P. J., April 7, 1952.—Plaintiff, the MacMillan Company, a New York corporation, is the owner of an automobile driven by plaintiff Waterbor and damaged in a collision with intervening defendant's truck driven by defendant. The accident occurred on May 5, 1949, in Carbon County, Pa. Plaintiffs claim damages in the amount of $251.02 and brought suit before an alderman of the City of Allentown against Caskie, the driver, ignoring their claim against his employer. Why Waterbor is joined as a party plaintiff we cannot tell; he has made no claim for damages.

The propriety of his joinder is not attacked, however, at this point.

Defendant Caskie appealed from the judgment of the justice and on September 16, 1950, plaintiffs filed their complaint. On December 7, 1950, defendant's employer, Heckman, filed a petition to intervene as a defendant under Pa. R. C. P. 2327(3) and (4) averring that he could have been joined in the original suit and that a determination of the action may affect a legally enforcible right of his own, and asserting a counterclaim for $324.45.

A rule was granted and on October 29, 1951, plaintiffs filed an answer denying the agency of defendant Caskie and denying petitioner's interest in this suit and their ability to have made him a party. Depositions were taken on February 26, 1952, which clearly demonstrate that defendant Caskie was operating petitioner's truck on petitioner's business when the accident occurred.

Intentionally or inadvertently, plaintiffs have placed petitioner in a procedural cul de sac. Had they brought this action in Carbon County, petitioner could have brought his counterclaim there and could have obtained extraterritorial service to try together plaintiffs' claim and his countersuit. Had plaintiffs sued defendant Caskie in the Court of Common Pleas of Lehigh County instead of before a justice of the peace, we would not hesitate to permit the intervention of Heckman as a defendant and his interposition of a counterclaim.

Petitioner is not, under Pa. R. C. P. 2327(3), a person who could have been joined as an original party. The suit was instituted before a justice of the peace; the action against the employer is trespass on the case and not trespass vi et armis. Trespass on the case is not cognizable before a justice of the peace: Paulson v. Eisenberg, 134 Pa. Superior Ct. 503; Battles v. Nesbit, 149 Pa. Superior Ct. 113, 119.

The outcome of this suit will not affect any legally enforcible interest of petitioner, a reason for intervention under Pa. R. C. P. 2327(4). Petitioner has no right to assert his counterclaim in this action, because the amount of his counterclaim is beyond the jurisdiction of the justice. It could not have been asserted before the justice and therefore cannot be asserted here: Holden v. Wiggins, 3 P. & W. 469, 474; Backer v. Remov, 69 Pa. Superior Ct. 138, 142; Alschuler & Weisz v. Lipkin, 84 Pa. Superior Ct. 349, 351.

Since petitioner is not a party to this suit, its outcome, even a verdict based on defendant's negligence and plaintiffs' absence of contributory negligence, would not be res adjudicata in any suit brought by petitioner in Carbon County. Furthermore, since petitioner's action could not have been asserted before the justice, failure to assert it now would not bar recovery in the proper tribunal: Lyons v. Barnett, 79 Pa. Superior Ct. 352, 355.

We know of no theory upon which petitioner would be responsible either to plaintiffs or to his employe for the satisfaction of any judgment that might be obtained against defendant. Were petitioner seeking to intervene solely to protect his employe, we might be tempted to stretch a point and find such intervention harmless. We suspect—but the conspiracy of silence concerning insurance prevents us from inquiring— that the employe has the same protection he would have if petitioner were a party defendant. In fact, we also suspect that that fact together with the desire to forestall a counterclaim accounts for plaintiffs' choice of the employe rather than the employer as a defendant.

Petitioner's desire to intervene is so obviously based on a desire to press a counterclaim that it would be futile to permit intervention since the counterclaim

could not be pursued, even if petitioner were made an intervening defendant.

The Pennsylvania Rules of Civil Procedure are comparatively new and the limits of their effect on existing law have not been clearly defined. Petitioner contends that Pa. R. C. P. 126, which calls for a liberal construction of the rules to secure just, speedy and inexpensive determination of litigation, wipes out all technicalities of trespass on the case, limitations on jurisdiction upon appeal from justices and limitations on extraterritorial service.

Persuasive arguments against the extension of a justice's jurisdiction to trepass on the case and against a broadened jurisdiction of common pleas upon appeal are found in the cases hereinbefore cited. The present application of those cases shows that, despite the present salutary trend toward liberality and simplicity of procedure, well established principles of practice and procedure are not to be abrogated by implication.

A more conclusive argument against complete removal of restraints upon jurisdictional problems is that the Committee on Procedural Rules, having knowledge of these problems and, furthermore, having knowledge of analogous problems between the Municipal and Common Pleas Courts of Philadelphia and the County and Common Pleas Courts of Allegheny County, promulgated Pa. R. C. P. 213(c) and (d), providing for transfer of cases to the higher court for assertion of a counterclaim not cognizable in the lower court and for consolidation in the higher court for trial when separate suits were started in the proper courts. This would have been the appropriate place to have provided for the assertion of a greater counterclaim upon appeal from a justice than was cognizable before him, but the rule is silent. Under the maxim expressio unius est exclusio alterius, the rules committee must

be presumed to have intended not to change the existing law and procedure in that respect.

Our independent study of the problem makes it unnecessary for us to distinguish the authorities cited by the respective parties, nor to decide whether the application to intervene is in recognition of the propriety of the original action, a prerequisite for intervention under Pa. R. C. P. 2329(1).

We are reluctantly compelled to relegate petitioner to a suit in the Court of Common Pleas of Carbon County for his claim against plaintiffs, the only forum in which he may obtain extraterritorial service.

Now, April 7, 1952, petitioner's rule to show cause why he should not be permitted to intervene in this action is discharged and petition therefor denied.