## Leonard v. Rucci

*Jackson M. Sigmon*, for plaintiff.
*Samuel D. Frederick*, for defendant.

HENNINGER, P. J., March 11, 1958.—In this application for the allowance of an appeal from the judgment

of a justice of the peace for less than $100, on November 4, 1957, we denied an appeal because defendant failed to present his defense before the justice, a prerequisite to appeal under our court rule 6(*b*)(2) which provides as follows:

"The petition must show in every case that the appellant has a meritorious defense and the nature thereof, and in a case other than summary conviction, that the said defense was presented or offered at a hearing before the Subordinate Court. The petition must also show that either the judgment, penalty, fine and costs accrued have been paid or if not paid that bail absolute therefor was filed with the Subordinate Court. In every case, the petition must be accompanied by a bond with approved surety in the amount of $100, unless otherwise ordered by the Court, conditioned to pay costs to accrue."

Thereupon defendant moved to open the judgement, presumably the judgment before the justice, alleging as a cause that defendant had obtained a judgment for his damage arising out of the same accident before another justice which in defendant's opinion rendered all matters between the parties res adjudicata and forestalled the present suit.

Without considering the question whether we can open a judgment upon a justice's docket, we cannot grant the relief prayed for: (1) Because it is the same question involved in our order disallowing an appeal; and (2) because the contention that plaintiff was compelled to express his counterclaim before the justice of defendant's choice is without merit.

Defendant has produced no authority for the proposition that one sued before a justice of the peace must present his claim against the person suing him before the same justice or forever forfeit his right to his cause of action.

On the other hand, Gibson v. Del Sardo, 40 D. & C. 552, 556, clearly holds that no litigant can choose his own forum and compel his opponent to press his own claim in the forum of his opponent's choice.

The case of Simodejka v. Williams, 360 Pa. 332, is based explicitly on Pennsylvania Rule of Civil Procedure 2255, which does not apply to suits before justices of the peace.

It is clear that section 7 of the Act of March 20, 1810, P. L. 208, 42 PS §668, barring claims in assumpsit for less than $100 if not claimed in answer to a suit against him before a justice, applies solely to a claim in assumpsit.

It would follow, upon the principle of inclusio unius est exclusio alterius, that counterclaims in trespass need not be pressed before the justice chosen by the most impatient but not necessarily the most worthy litigant.

The legislature of Pennsylvania has seen fit in the Act of May 17, 1956, P. L. 1626, 42 PS §913a to give added dignity to the judgment of a justice in actions of trespass under $100. It did not see fit to require the pressing of a counterclaim before the justice first sought. True, this leads to the possibility of inconsistent judgments, but the remedy, if any, lies with the legislature.

Inconsistent results are to be avoided if possible, but the possibility of such inconsistency has never been sufficient to justify amendment by judicial fiat of established procedure. See Samuels v. Johnson, 355 Pa. 624, 626. Inconsistent results have always been possible in cases under the Act of 1810, supra, but courts have nevertheless held that unless a defendant was compelled to bring his counterclaim before a particular justice, he could sue independently therefor. See Lyons v. Barnett, 79 Pa. Superior Ct. 352, 355.

In our rules of court we have sought to sustain the added dignity given to the judgments of justices of the peace by the legislature and we assume that justices will wear this cloak of added dignity with added independence, courage, objectivity and detachment. In the absence of legislative enactment, however, we cannot further compel one litigant to accept the forum chosen by his opponent.

Now, March 11, 1958, defendant's rule to open judgment is discharged at defendant's costs.