## Pennington et al., Appellants, *v.* Conway and Ash.

*Equity—Injunction—Municipal Court—Amount in controversy— Jurisdiction.*

A bill in equity for an injunction, filed in the Municipal Court of Philadelphia, is properly dismissed where the amount in controversy is more than $2500.00.

The jurisdiction in equity of the Municipal Court is confined to cases where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed $2500.00. As a preliminary requisite to bringing an action, the plaintiff must file a certificate to that effect. The certificate so filed is not conclusive, and if it appears on the trial that the value of the matter or thing in controversy actually exceeds $2500.00, the court is required to dismiss the suit for want of jurisdiction, or, with the consent of the Court of Common Pleas, to transfer it to that court.

On a bill in equity to restrain the erection of a garage, the measure of value of the matter in controversy is the difference between the value of the property with the garage on it and the value of the property without the garage, and deprived of the right to build and maintain it. Where the Court below found that this difference exceeded the sum of $2500.00, and there is ample evidence to support such a finding, it is conclusive on the Superior Court.

150    PENNINGTON et al., Apps., *v.* CONWAY AND ASH

Statement of Facts—Opinion of the Court.    [92 Pa. Superior Ct.

Argued October 5, 1927.   Appeal No. 20, October T., 1927, by plaintiffs from judgment of the M. C. Philadelphia County, April T., 1925, No. 108, in the case of Elsie M. Pennington, Margaret M. Renshaw, Charlotte M. Baker, and Others, v. John Conway and William G. Ash.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Bill in equity to restrain the erection of a private garage.   Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the bill because the amount in controversy exceeded $2,500.   Plaintiff appealed.

*Error assigned,* among others, was the decree of the Court.

*James R. Wilson,* and with him *William J. Wilson,* for appellant.

*Samuel J. Taylor,* for appellee.

OPINION BY KELLER, J., December 15, 1927:

Appellants, who are owners of real estate in the vicinity of 56th Street and Whitby Avenue, Philadelphia, filed this bill in equity in the Municipal Court to restrain the erection of a private garage in the rear of dwelling No. 5555 Whitby Avenue, owned by Conway, one of the appellees.   It was alleged that the construction complained of violated certain building restrictions imposed in Conway's deed for the benefit of adjacent property holders, and, as it occupied the entire open space in the rear of the dwelling, that it was contrary to the provisions of the Act of May 5, 1899, P. L. 193, Sec. 28, requiring dwellings in cities of the first class to have an open space attached to them in

the rear or at the side equal to at least 144 square feet clear space, unobstructed by an overhanging structure. An answer was filed and testimony taken.

The court dismissed the bill for lack of jurisdiction, after finding that the value of the matter or thing in controversy, exclusive of interest and costs, exceeded $2500.

When appellants brought their suit in the Municipal Court they were aware that it was a court of limited jurisdiction; that by section 10 of the Act creating it, (as amended by Act of May 11, 1923, P. L. 201), the Municipal Court's jurisdiction in equity was confined to cases where the value of the matter or thing in controversy, exclusive of interest and costs, did not exceed $2500; and that as a preliminary requisite to bringing this suit they must file a certificate to that effect. The certificate so filed was not conclusive, and if it appeared on the trial that the value of the matter or thing in controversy actually exceeded $2500, the court was required to dismiss the suit for want of jurisdiction, or, with the consent of the Court of Common Pleas, to transfer it to that court. Just as in appeals from a magistrate or justice of the peace to the common pleas, if it appears that the debt demanded is actually in excess of the magistrate's or justice's jurisdiction the case must be dismissed for want of jurisdiction: Alschuler & Weisz v. Lipkin, 84 Pa. Superior Ct. 349.

What was the matter or thing in controversy in this suit? Clearly, it was the right of the defendant Conway to erect and maintain the garage in question on the rear of his lot, 5555 Whitby Avenue. If the plaintiffs succeed in their suit the defendant Conway will not be allowed to maintain this or any other garage covering the vacant space in the rear of his lot. It will be res judicata. The matter or thing in controversy is not the mere cost of construction, the labor and materials entering into the building. It is more. It in-

volves the right to build and maintain. Nor is it the damage, if any, which its construction might cause the plaintiffs' properties. That may be material on the question of their right to sue in equity, but it is not the real matter in controversy. This suit is not based solely on a contract, but seeks to enforce a statutory provision. It is, therefore, unlike the case of Horwitz v. Wohlmuth, 66 Pa. Superior Ct. 321, on its facts. See also May's Est., 218 Pa. 64, 67.

In Smith v. Adams, 130 U. S. 167, where the subject is somewhat fully considered, it was said (p. 174) that by the matter in dispute or controversy is meant "the subject of litigation, the matter upon which the action is brought and the issue is joined" and it was recognized that this was measured in some cases by the diminished value of the property directly affected by the relief prayed. Such is the measure in this case. The value of the right to build and maintain this garage on the defendant's lot as contemplated by him is the difference between the value of the property with the garage on it and the value of the property without the garage and deprived of the right to build and maintain it. This the court found exceeded the sum of $2500 and as there was ample evidence to support the finding, it is conclusive on us.

With this disposition of the case, we will not consider the assignments of error relating to the merits.

The decree dismissing the bill for want of jurisdiction is affirmed at the costs of the appellants, without prejudice to their right to proceed in the Court of Common Pleas.