Horafeus *v.* Mangos, Appellant.

448

Argued October 2, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Ashton Locke Worrall*, for appellant, cited: Matthews v. Rising, 194 Pa. 217; Reily v. Shafer, 70 Pa. Superior Ct. 289.

*Harry W. Miller*, for appellee, cited: Title Guarantee Co. v. Hildebrand, 41 Pa. Superior Ct. 136; Bachman v. Einhorn, 12 Philadelphia 391.

OPINION BY LINN, J., February 28, 1930:

Plaintiff filed his bill against defendant in the municipal court alleging that they were partners in a restaurant business and that defendant was excluding plaintiff (the details of his averments are immaterial on this appeal), and prayed, inter alia, for an injunction and for a receiver to take charge of and operate the business. At the hearing on the

application for a preliminary injunction, plaintiff testified that the value of the partnership assets was $5,000, and that he valued his own share at $2,500. Defendant then (and before the time for filing an answer elapsed) and on the evidence so presented, filed his petition pursuant to the Act of March 5, 1925, P. L. 23, for a rule to show cause why the bill should not be dismissed for want of jurisdiction on the ground that by the municipal court Act of May 11, 1923, P. L. 201, the jurisdiction of that court was limited to causes "where the value of the matter or thing in controversy ...... does not exceed the sum of $2,500." The rule was granted. No answer to the petition was filed, and on hearing, the rule was discharged, but without any suggestion by the court below as to the reason for its action. Defendant appealed within the fifteen days allowed by the statute and assigns for error that refusal to dismiss for want of jurisdiction.

We must sustain the appeal. It is uncontradicted that the "value of the matter or thing in controversy" is $5,000. Plaintiff argues that as his interest is worth but $2,500, his bill is within the power of the court. But his bill asks the court to seize, and by its officer to manage, and otherwise deal with the entire partnership assets within the limits of the proposed receivership and the desired injunction; he seeks to deprive defendant of such control and management of that property as he is entitled to enjoy as a partner without the interference of the court or its officer. The effect of the appointment of a receiver is to remove the parties to the suit from the possession and management of the property: see generally McDougall v. R. R. Co., 294 Pa. 108.

The fact that plaintiff filed a certificate that "the amount of his interest involved in this proceeding will not exceed the sum of $2,500" amounts to nothing; the act (1923, P. L. 202) requires "a certificate as to the amount of the thing or matter in controversy;" that

was the value of the partnership assets (Taylor v. Decatur Land Co., 112 Fed. 449, 450; Rogers v. Lawton, 162 Fed. 203) not the value of plaintiff's share of the assets. Even a certificate within the terms. of the act may be corrected by evidence: Pennington v. Conway, 92 Pa. Superior Ct. 149. As the amount involved exceeded the jurisdiction of the court, defendant's rule should have been made absolute.

Order reversed, record remanded with instructions to dismiss the bill for want of jurisdiction, appellee to pay the costs.