## Silent Auto. Corp. of Northern New Jersey, Appellant, v. Folk.

Argued December 10, 1929.

Before Porter, P. J., Trexler, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Chidsey, Maxwell and Frack,* for appellant.

*Francis E. Walter,* for appellee.

Opinion by Gawthrop, J., January 29, 1930:

This is an appeal from an order making absolute a rule to open a judgment taken for want of an affidavit of defense. Service of the summons and of the statement of claim was accepted January 17, 1928. The statement bore the usual endorsement requiring defendant to file an affidavit of defense within fifteen days from the service thereof. The judgment was entered March 22, 1928. An affidavit of defense was filed June 27, 1928, and on the same day the petition to open the judgment was filed, together with a copy of the affidavit of defense. The petition alleged that defendant has a true, just and valid defense to the action;

that an affidavit of defense had been filed on the same day; and that "through inadvertence the affidavit of defense, a copy of which is hereto attached, was not duly filed." The answer averred that the affidavit of defense filed was insufficient to prevent judgment, and that it disclosed no meritorious defense. No depositions were taken. The court below filed an opinion stating that during the argument on the rule to open the judgment, counsel for defendant declared "that counsel for plaintiff had made an agreement with him not to take judgment in the above stated case, which was denied by counsel for plaintiff. Under the statements made by counsel in this connection, it is evident that there must have been some misunderstanding in the matter;" and that while the affidavit of defense did not conform to the Practice Act of 1915, the general denials made by defendant and the averment that plaintiff had not suffered any loss by defendant's cancellation of the contract were sufficient to take to the jury the matter of the amount of damages, if any, which plaintiff sustained.

We are of one mind that the order must be reversed for several reasons. In a proceeding to open a judgment the petition and answer comprise the pleadings and the court grants relief only upon the grounds embraced therein: State C. of Pa. P. S. of A. v. Kelly, 267 Pa. 49. The petition did not aver anything about an agreement between counsel that judgment would not be taken by default. It was not a proper matter for the consideration of the court below and further reference to it by us is unnecessary. The bald averment in the petition that "through inadvertence the affidavit of defense ...... was not duly filed," does not furnish a sufficient ground for opening the judgment. The petition does not state what the inadvertence was or whether it was that of himself or his counsel. It does not state that the application was promptly made. The

result is that neither by allegation nor proof do we have any facts amounting to a reasonable explanation for the default. Inspection of the affidavit of defense discloses that it consists mostly of bald, general denials of the averments of the statement of claim and fails to allege any facts showing a meritorious defense to the action. If it had been filed in time it would have been wholly insufficient to prevent judgment. Courts have an extensive discretion with respect to the opening of judgments, but this discretion must rest on the foundation of competent evidence: Emadame v. Weadick, 69 Pa. Superior Ct. 369. It is well settled in Pennsylvania that relief will be granted from judgment entered by default as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered and a defense shown upon the merits: Fuel City Mfg. Co. v. Waynesburg P. C., 268 Pa. 441. In the present case defendant has failed to meet any of these requirements. He neither excuses his default nor shows that he has a real defense. Therefore, there was nothing to move the conscience of the chancellor in his favor. Under the circumstances plaintiff is entitled to its judgment.

The order of the court below is reversed, and the judgment is reinstated.