## Baker, Appellant, *v.* Carter.

Argued October 8, 1931.

Before TREXLER,
P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and
BALDRIGE, JJ.

*I. Jack Feinstein,* for appellant.

*Garfield W. Levy,* for appellee.

OPINION BY KELLER, J., November 20, 1931:

The appellant brought this action of assumpsit in
the municipal court, and on December 23, 1930, served
a copy of her plaintiff's statement on the defendant,
claiming the sum of $2,805 for board and rent, and
money lent defendant, or expended at her special in-
stance and request.

No affidavit of defense having been filed, on January
9, 1931, judgment was entered for want of an affidavit
of defense.

On January 30, 1931, the defendant presented a peti-
tion to open the judgment, and a rule to show cause
why the judgment so entered should not be opened and

the defendant allowed to present a defense, was granted by the court, to which the appellant filed an answer.

The court, being of opinion that the failure of the defendant to file an affidavit of defense was chargeable to the default or delay of her attorney and that it would be unjust to deny the defendant her day in court because of her attorney's delay in filing the affidavit of defense, which was left in the prothonotary's office on January 12, 1931, made the rule to open the judgment absolute. The plaintiff appealed.

It is not necessary to discuss the right or wrong of this order (See respectively Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441; Silent Automatic Corp. v. Folk, 97 Pa. Superior Ct. 588) for on the face of the record the action and judgment were beyond the jurisdiction of the municipal court, and the judgment cannot stand. The Act of July 12, 1913, P. L. 711, creating the court, as amended by the Act of May 11, 1923, P. L. 201, provides that it "shall have jurisdiction in civil actions at law or in equity where the value of the matter or thing in controversy, exclusive of interest and costs, does not exceed the sum of $2,500;" and that, "The amount claimed by the plaintiff, where the said claim is for a sum certain, shall be conclusive as to the jurisdiction of the court." The sum claimed by the plaintiff in this action was $2,805, which conclusively placed it outside the jurisdiction of the municipal court. The judgment should not have been entered, (Pennington v. Conway, 92 Pa. Superior Ct. 149), but having been inadvertently done, should have been stricken off by the court for want of jurisdiction apparent on the face of the record. See Deihm v. Snell, 119 Pa. 316; Backer v. Remov, 69 Pa. Superior Ct. 138; Alschuler & Weisz v. Lipkin, 84 Pa. Superior Ct. 349. It is a jurisdictional defect of which this court will, of its own accord, take notice, (Schanne v. Bioren, 100 Pa. Superior Ct. 76).

The court below, in opening the judgment entered on January 9, 1931, did not go far enough. It should have struck it off.

The judgment entered in the municipal court on January 9, 1931, is accordingly stricken off for want of jurisdiction apparent on the face of the record.