## Com. ex rel. Howard, Appellant, *v.* Howard.

Submitted September 26, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-

RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Romain C. Hassrick,* for appellant.

No brief was filed nor appearance made for appellee.

OPINION BY PARKER, J., January 30, 1940:

The sole question presented on this appeal is whether an order of the Municipal Court of Philadelphia remitting arrearages due a wife under a former order of that court was merely an error of law, which, not having been questioned by appeal, became res judicata, or whether such order was null and void for lack of jurisdiction in that court and may be attacked at any time. We are all of the opinion it was an error of law.

On June 6, 1922, the Municipal Court of Philadelphia made an order requiring the defendant, Herbert L. Howard, to pay his wife, Anna M. Howard, $12.50 a week for her support. Subsequently the order was increased, suspended and reinstated, the net result of which was that on October 21, 1937, defendant was in arrears in the approximate amount of $12,170. On the latter date the court on petition of defendant, after hearing at which the husband and wife were represented, entered this order: "Petition to remit all arrears except $170 is granted. Petition to reinstate order is granted. Petition for reduction of order is granted and order is reduced from $15 a week to $10 a week, and defendant

is held under $1500 bail for the faithful performance of the order and permitted to sign his own bond."

Relator did nothing for eighteen months when on April 28, 1939, she filed a petition citing *Commonwealth ex rel. Martin v. Martin,* 134 Pa. Superior Ct. 345, 4 A. 2d 217, and asking the court below to vacate its previous order remitting arrearages. That court on June 13, 1939, dismissed the petition to vacate its previous order remitting arrearages and the relator has appealed to this court.

In the Martin case we held that the Municipal Court of Philadelphia did "not have the power" in cases of desertion and non-support to remit accrued arrearages due and unpaid under a former order,[1] but in that case the relator took a direct appeal to this court from the order remitting arrearages and within the time prescribed by statute. Appellant contends that our decision in the Martin case means that the court below was absolutely without power to make an order remitting arrearages, that such order is absolutely null and void for lack of jurisdiction of the court in which it was made and therefore subject to attack at any time.

The effect of the order appealed from was to nullify another order of the same court which order had stood for eighteen months without appeal to a higher court or other attack. As a general rule "it is the settled law of this State that in the absence of fraud or collusion a judgment or decree of a court of competent jurisdiction, valid and regular on its face, in force and unreversed, cannot be impeached by the parties or privies thereto or by a stranger in a collateral proceeding in the same or another court. It is conclusive not only as to the judgment or decree itself but as to every fact directly or necessarily adjudicated or which was necessarily involved in or was material to the adjudication": *Metzger's Est.,* 242 Pa. 69, 79, 88 A. 915. The court

---

[1] The law was changed by Act, June 19, 1939, P. L. 440,

which renders a judgment does have control of the judgment until the expiration of the term at which the judgment was entered: *Kauffman v. Reese,* 77 Pa. Superior Ct. 601, 604.

It is equally well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void and is subject to attack by the parties in the same court or may be collaterally attacked at any time: *Moskowitz's Registration Case,* 329 Pa. 183, 190, 191, 196 A. 498. As was said by Chief Justice KEPHART in that case: "When the jurisdiction does not exist, and usurpation takes its place, then all the acts of the tribunal are void 'and of none effect,' and may be so treated in any collateral proceeding." A judgment or decree will be stricken off for want of jurisdiction in the court rendering it, where such want is apparent on the face of the record: *Baker v. Carter,* 103 Pa. Superior Ct. 344, 157 A. 211. In the Baker case a default judgment was entered for a claim exceeding $2850 when $2500 was the limit of the jurisdiction of the court which rendered the judgment. It is clear that in that case the court was without jurisdiction of the cause of action. Jurisdiction of the person is here admitted, so it only remains to inquire whether the court below had jurisdiction of the subject matter and that is, as we have pointed out, the sole basis of the argument presented here.

The Act of July 12, 1913, P. L. 711, §11, as finally amended July 17, 1917, P. L. 1015 [17 PS §694] provides: "The jurisdiction of the said Municipal Court shall be exclusive—(a) In all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children." By this statute the lower court is given complete and exclusive jurisdiction of all proceedings for desertion by a husband of his wife

and for failure to support her. It had jurisdiction to make an original order for such support, determine at future times the amount due on order so made, or it might in case of a change of circumstances alter the amount of the order for the future.

In *Commonwealth v. Richards*, 126 Pa. Superior Ct. 517, 191 A. 634, a wife brought proceedings for support against her husband and on June 29, 1934, the Court of Quarter Sessions of Northampton County entered an order against the husband requiring him to pay his wife the sum of $15 per week. On April 22, 1936, the defendant filed his petition to revoke or modify the order of June 29, 1934, on the ground that on August 29, 1927, the parties, husband and wife, had entered into an agreement of separation which provided for the payment of a stipulated amount to his wife and that such an agreement was a bar to support under the statute, as held by the Supreme Court in *Com. v. Richards*, 131 Pa. 209, 18 A. 1007, and by this court in numerous cases. While we recognized the full force of the decisions relied upon where separation agreements were involved, we said, speaking through President Judge KELLER (p. 521, 522) : "The matter here relied on by appellant was not strictly jurisdictional, but by way of defense, in bar of the proceeding, and the defendant was concluded by the order unappealed from ...... That order unappealed from is res judicata as to the matters of defense which were raised, or might have been raised, at the hearing."

As an incident to its exclusive jurisdiction in proceedings for desertion and non-support the Municipal Court is entrusted with the duty of determining whether its decrees awarding support have been obeyed, and finding what if any amounts remain unpaid on such orders (*Com. ex rel. Morse v. Glasgow*, 132 Pa. Superior Ct. 226, 200 A. 686), and that court is authorized to alter an order for support as to the future where there is a change in circumstances (*Com. ex rel. Martin v. Martin,*

supra, p. 347; *Com. ex rel. Isaacs v. Isaacs*, 124 Pa. Superior Ct. 450, 188 A. 551; *Com. ex rel. Iacovello v. Iacovello*, 121 Pa. Superior Ct. 139, 182 A. 727).

We made it clear in the Martin case that while the court was in error in remitting arrearages it was not "obliged to attach the person of the defendant or hold him in contempt for failure to pay the same to his wife." All of this goes to show that the court, when it was considering the matter disposed of by the order here appealed from, was dealing with a subject matter of which it had jurisdiction. The mere fact that defendant was not then financially able to pay the arrears was not a good, valid or legal reason for revoking an order which was res judicata. The subject matter was within the jurisdiction of the court, but in acting as it did the court abused its discretion and remitted the arrearages for a reason that was not a legal one. In short, that part of the court's order which remitted the arrearages was void not because of a lack of jurisdiction but because it incorrectly interpreted the law. A sum of money had become due to the relator and it was not proper for the court to release the defendant for the reason given just as in a purely civil case a defendant could not be discharged of liability merely because he did not then have the means to pay.

When we stated, in the Martin case, that the court lacked the "power" to remit arrearages, we meant to say nothing more than that an order so directing was legally erroneous. A failure to appeal from such order rendered the matter res judicata under the authorities heretofore cited.

We have given careful consideration to *Moskowitz's Registration Case*, supra, a case not cited by appellant but one which requires careful consideration in connection with the question here presented. Moskowitz was convicted on March 12, 1936, of a violation of the personal registration act for Philadelphia, for intentionally

interfering with an inspector of registration in the performance of his duties. The court in imposing sentence failed to impose any sentence of disfranchisement. On June 12, 1936, the original sentence was amended by adding the penalty of disfranchisement. The registration commission refused to enroll Moskowitz as a voter. On appeal to a court of common pleas the action of the commission was reversed and the Supreme Court sustained the reversal, holding that the court of quarter sessions may not legally resentence a criminal by adding a further penalty after the term has ended. The Chief Justice there said (p. 190): "Here the entry showed on its face that the additional sentence was imposed three months after the expiration of the term and therefore discloses to any examiner of the record the fact that it was entered without jurisdiction. It is manifestly a nullity. Such a judgment is entitled to no authority or respect, and is subject to impeachment in collateral proceedings at any time by one whose rights it purports to affect." There the court of quarter sessions having imposed a sentence and the term having passed, it was entirely without power or authority to impose another and different sentence. It had no more right to impose a sentence on that defendant than if he had never been convicted. When the original sentence was imposed and the term passed the court ceased to have jurisdiction of the matter.

In the present case the municipal court did have jurisdiction of the subject matter but improperly applied the law in disposing of the matter. The Moskowitz case is a typical one where the court was without jurisdiction of the subject matter while the present case is one where the court did have such jurisdiction but committed legal error in the performance of his duties. The remedy for such error was by appeal.

Order affirmed.