## Commonwealth v. Schmohl

*J. Boyd Landis*, for administratrix.
*John D. Faller, Jr.*, for defendant.

SHUGHART, P. J., March 22, 1952.—Prior to October 19, 1948, Anna T. Schmohl instituted an action for nonsupport against her husband Charles Schmohl, defendant. The matter was returned to court and on October 19, 1948, by agreement between prosecutrix and defendant an order was entered by this court directing defendant, inter alia, to pay the sum of $15 per week for the support of his wife. Anna T. Schmohl died on June 27, 1951.

Although payments were made under the order, at the time of Anna T. Schmohl's death, there were

accrued arrearages under the order in the amount of $348.89.

Letters of administration were issued on the estate of Anna T. Schmohl to Marian James, who through her attorney made demand upon defendant for the arrearages. This demand was refused and thereafter on her application a rule was issued by this court on defendant to show cause why a judgment should not be entered against defendant and in favor of the administratrix of the estate of Anna T. Schmohl in the amount of $348.89 and why a warrant should not be issued to the sheriff commanding him to arrest defendant and bring him before the court to be dealt with according to law.

Defendant filed an answer to the petition. The matter has been argued and is now before the court for disposition.

In answer defendant admits that there are arrearages under the order of support in the amount of $348.89.

Section 1 of the Act of May 8, 1901, P. L. 143, 12 PS §1001, provides for the certification of an order of the court of quarter sessions for the payment of money to any court of common pleas for further proceedings for recovery of sums due. Section 733 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS §4733, provides that the quarter sessions court may issue writs of execution against real or personal property of defendant or writs of attachment execution against money or property to which defendant may be entitled, even including money held for him under a spendthrift trust. It is therefore apparent that although the order may be certified to the common pleas court where the judgment would become a lien on real estate without the issuance of an execution, there is nothing to re-

quire that this procedure must be followed. See Commonwealth v. Thomas, 25 Dist. R. 659.

Judgment will, therefore, be entered in favor of the administratrix and against defendant in the amount of $348.89, together with costs of this proceeding. Commonwealth ex rel. Morse v. Glasgow, 132 Pa. Superior Ct. 226.

Counsel for the administratrix admits that upon the death of Anna T. Schmohl defendant's liability for support under the order terminated and the amount of arrearages are computed only to that time. Defendant's counsel contends, however, that since the prosecutrix has died the provisions of section 733 of the Criminal Code, 18 PS §4733, relative to the enforcement of the order may not be employed in this case. Specifically he contends that an order of attachment of the person may not issue.

No authority is cited for this proposition and it is apparent that this argument overlooks the basic nature of such proceedings. The fundamental basis for the attachment of the person of defendant for contempt is not that he has simply failed to make payments to his wife but *rather that he has displayed contemptuous disregard for the authority of the court:* Commonwealth ex rel. Berardino v. Berardino, 99 Pa. Superior Ct. 537, 541.

Section 2 of the Act of May 24, 1917, P. L. 268, 19 PS §1152, provides that in the case of forfeiture of a bond of recognizance, with or without surety, given as security under an order of support, any sum collected thereon shall be paid to the persons entitled thereto under the order of support. The act specifically provides, however:

"*Such payment shall not bar or in any way affect the power of the court to enforce its orders against the defendant by attachment or otherwise.*" (Italics

supplied.) Therefore, the right to punish defendant for contempt has thus been recognized not only by the courts but by the legislature as well.

In Commonwealth v. Noll, 47 Dauph. 317, Judge Sheely, specially presiding, said at page 320:

"The defendant further contends that the 'plaintiff' is guilty of laches in delaying her efforts to collect the arrearage. We think this contention overlooks the nature of a support order and proceedings for failure to comply therewith. While a support order creates the relationship of debtor and creditor between the defendant and the prosecutrix, the defendant is also bound by an order of court to make the payments ordered. A failure to comply with the court order constitutes contempt for which the court may punish the defendant regardless of the steps taken by the prosecutrix to collect the debt due her. Failure on the part of the prosecutrix to call the contempt to the attention of the court does not purge the contempt and cannot alter the powers or duties of the court."

In this case the major part of the arrearages had accrued sometime before the death of prosecutrix. For a few weeks before her death payments were made as ordered. As stated above, the mere fact that prosecutrix failed to call attention of the court to the noncompliance cannot alter the powers of the court.

From defendant's answer it appears that a check of defendant in the amount of $20 was returned to him by the probation officer about a week after the death of the prosecutrix and that the probation officer has made no demand for the arrearages since the death of Anna T. Schmohl. Such action on the part of the probation officer to whom the payments were to be made has no effect on the powers or duties of the court.

It is likewise of no importance in this proceeding that the order was entered by agreement of the parties

rather than after hearing and determination by the court.

We conclude that the death of prosecutrix in no wise prevents the attachment of defendant for contempt for failure to comply with the order.

Counsel for defendant alleges that the letters of administration were improperly issued to petitioner, and contends that the petition must be dismissed. The letters were issued on July 2, 1951, but no question as to the impropriety of the issuance was raised by defendant until over six months later when he filed an answer to the petition before us. In a supplemental brief filed by defendant's counsel after the argument he stated that an application for the revocation of the letters granted to petitioner was filed with the Register of Wills on March 11, 1952. As we indicated to counsel at oral argument, this is the proper method of raising the issue relative to the improper issuance of the letters. Granting of letters is a judicial act and letters may not be set aside in a collateral proceedings in another court: West, Admx., v. Young et al., 332 Pa. 248.

The only issue to be determined here is whether the defendant has complied with the order of support and since he has not, to ascertain what means may be employed to enforce the order. Neither determination would be affected by a removal of the personal representative and the grant of letters to another.

The alleged personal liability of administratrix, Marian James, for decedent's funeral expenses is likewise not a matter for determination in this proceedings.

And now, March 22, 1952, at 12 o'clock noon, the rule is made absolute and judgment is entered in favor of Marian James, administratrix of the estate of Anna T. Schmohl, deceased, and against Charles Schmohl in the amount of $348.89, together with the cost of this proceedings.

It is further ordered and decreed that unless defendant Charles Schmohl make payment to the probation officer of the sum of $348.89 together with all costs of this proceedings within five days from the date of this order, an attachment shall issue for his arrest. In view of the proceedings pending before the register of wills, relative to the revocation of the letters of administration in the estate of Anna T. Schmohl, deceased, if payment is made, the probation officer is directed to retain said sum pending further direction from this court.