## DiSanto v. Dowd

*Fox & Fox*, for plaintiffs.

*Horace A. Davenport*, for defendants.

GROSHENS, J., January 13, 1958.—This is a rule on plaintiffs to show cause why judgment entered should not be opened and defendants let into a defense.

Plaintiffs instituted suit in trespass on a cause of action arising out of an automobile accident. The complaint was filed on June 15, 1957. It was personally served on defendants in Philadelphia on July 9, 1957, with the required notice to plead within 20 days from service. No appearance was entered on behalf of defendants until September 23, and no answer to the complaint has ever been filed.

On August 22, 1957, an affidavit of no military service was filed and the same day judgment was entered in favor of plaintiffs and against defendants by default for want of an answer. On December 3, defendants filed their petition to open judgment, and the same day a rule was granted returnable December 13. On the return day the following order was made: "the Court being informed that an answer would be filed the case is ordered on the argument list".

Plaintiffs answer to the petition was filed on December 19. No depositions were taken and the matter was argued before the court en banc on January 7, 1958, on petition and answer and certain correspondence between counsel and between counsel and defendants handed to the court at the argument with the consent of both sides.

From the statements of counsel at argument and from the correspondence submitted to the court there seems to be no serious disagreement on what transpired after service of the complaint upon defendants in Philadelphia.

Prior to July 17, and well within the 20-day period to plead, defendants consulted counsel in Philadelphia, who promptly wrote to counsel for plaintiffs at Norristown to the effect that time would be necessary to investigate the case and make arrangements for representation. On July 19, plaintiffs' counsel advised defendants' counsel in Philadelphia that time would be extended to afford an opportunity to look into the matter. On July 31, 22 days after service, plaintiffs' counsel advised defendants' counsel that the period to plead had elapsed and he requested prompt action on behalf of defendants. On August 12, he replied as follows:

"I have spoken to Mr. and Mrs. Dowd, and, unfortunately, they are not in a financial position, at the present time, to engage my services, nor to make settlement.

"May I take this opportunity to extend to you my sincere gratitude for your cooperation with me. I am truly sorry that the Dowds could not be equally cooperative so that this matter could have been concluded as justice would require."

Plaintiffs' counsel assumed, and properly so, that defendants' counsel was dropping out of the case. On August 14, he wrote directly to defendants wherein he said, inter alia: "Therefore, unless I hear from you by the end of the week I will have no alternative than to enter judgment against you by default". As a further precaution plaintiffs' counsel called defendant Louise Dowd on the telephone on August 15, and warned her of his purpose to enter judgment. Judgment was entered on August 22, and defendants were promptly advised of that fact by plaintiffs' counsel in writing.

Sometime near the end of August, probably on or about August 23, defendants attempted to see their present counsel in Norristown only to find that he was on or about to go on his vacation and would not return until September 3. Early in September defendants saw Mr. Davenport, and, in the course of a few days, he accepted the case on their behalf, entered his appearance and began to negotiate with plaintiffs' counsel. These negotiations terminated on December 3, with the filing of the petition to open.

"It is the uniform practice of the courts to open judgments entered by default as a result of the mistake or oversight of counsel, *where the application is promptly made, a reasonable explanation or excuse for the default offered and a defense shown on the merits*" (Italics supplied): Brown & Bigelow, Inc., v. Borish, 165 Pa. Superior Ct. 308, 310.

The case at bar does not involve the mistake or oversight of counsel. The plight of these defendants is of their own making, and, as much as the court may be inclined to help them out of their difficulty,

the exercise of the court's discretion must be based on competent evidence: Silent Auto Corp. v. Folk, 97 Pa. Superior Ct. 588, 591.

The petition and answer comprise the pleadings and relief may be granted only upon the grounds embraced therein: Silent Auto. Corp. v. Folk, supra, 590. No depositions were taken in support of the rule and the court, in a desire to better understand what transpired between the date of service and the date of entry of the judgment, accepted the correspondence outlined above with the consent of counsel for both sides. This informal introduction of evidence at argument is not approved by the court and is not to be considered as an acceptable substitute for formal depositions in similar matters.

"A just, sufficient and valid defense to the original cause of action stated in clear and unmistakable terms is a prerequisite to opening the judgment": Brown & Bigelow, Inc., v. Borish, supra, 311. To this day defendants have not filed an answer to the original complaint, nor did they attach a proposed answer to their petition to open. With regard to their defense to the original cause of action, defendants averred in their petition "that they have a full and complete defense to this complaint". This averment falls far short of a defense on the merits and is denied in plaintiffs' answer.

The other allegations of the petition relate to rather vague derelictions of counsel, which are not supported by any proof whatsoever, and are not consistent with the correspondence of counsel. We have already stated the failure to file an answer on the merits in time did not involve a failure or oversight of counsel, and that the fault lay with defendants themselves. Counsel for plaintiffs stated at bar that promptness in filing the petition was not an issue because the time between August 22 and December 3 was taken up with negotiations to affect a settlement.

Defendants have failed to show a reasonable explanation or excuse for their default, and they have utterly failed to show a valid defense to the original cause of action set forth in precise, specific, clear and unmistakable terms: Noll v. Corp. of the Royal Exchange Assurance, 76 Pa. Superior Ct. 510, 515.

In these circumstances, plaintiffs are entitled to have the rule discharged and the petition dismissed.

And now, January 13, 1958, it is ordered, adjudged and decreed that the rule granted December 3, 1957, be discharged and the petition dismissed.

### Supplemental Opinion and Order

GROSHENS, J., January 15, 1958.—In an opinion and order dated January 13, 1958, we set forth at some length our reasons for discharging defendants' rule to show cause why judgment entered should not be opened and defendants let into a defense, and dismissing defendants' petition. One of the reasons assigned was defendants' failure to show, either in their petition or in an answer to the complaint, a valid defense "set forth in precise, specific clear and unmistakable terms".

During the afternoon of January 14, a copy of what purports to be defendants' answer to the complaint was delivered to the chambers of the writer of the opinion and order of January 13. We have examined the answer carefully and are of the opinion that while it is a sufficient answer to prevent judgment on the pleadings, the defense set forth therein lacks the high degree of validity required to invoke the equitable powers of the court in matters of this type. Under rule 1026 the answer was due on July 29, 1957, and no reasonable explanation or excuse for defendants' delay has been offered. The answer before us should at least have been attached to the petition to open.

We note in passing that if pleadings are to be filed after argument before the court en banc, it would be well for counsel to so inform the court at argument and to file such pleadings forthwith, so that the court may have all the pleadings at hand before undertaking the determination of the case and the preparation of an opinion and order.

And now, January 16, 1958, it is ordered, adjudged and decreed that the order made January 13, 1958, be affirmed.